# Kelly, Appellant, *v.* Philadelphia, Baltimore & Washington R. R. Co.

*Negligence—Railroads—Passenger—Presumption—Proximate cause—Prior or remote cause.*

1. Where a passenger's injury does not result from any defect in the instrumentalities of transportation, the burden is on him to prove negligence on part of the railroad company.

2. A proximate cause is one which, in actual sequence, undisturbed by any independent cause, produces the result complained of.

3. Where a warehouse is so constructed on the side of the main track of a railroad by its owner, that its doors when opened at right angles with the building extend over the tracks, and railroad workmen remove a post which some one not ascertained had placed in the right-of-way to keep the doors when opened from extending over the tracks, and a collision by a passing train with the

doors opened by the owner, results, a passenger on the train injured in the collision cannot recover from the railroad company.

4. The opening of the doors and not the removal of the post was the proximate cause of the accident.

Mr. Justice FRAZER dissented.

Argued February 7, 1921. Appeal, No. 267, Jan. T., 1921, by plaintiff, from order of C. P. Delaware Co., Dec. T., 1916, No. 19, refusing to take off nonsuit, in case of Cecile A. Kelly, now Fitzpatrick v. Philadelphia, Baltimore & Washington Railroad Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before HAUSE, J., specially presiding.

The opinion of the Supreme Court states the facts.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off: See 15 Delaware Co. R. 315. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit, quoting order.

*William C. Alexander,* for appellant.

*John B. Hannum,* for appellee.

OPINION BY MR. JUSTICE WALLING, April 11, 1921:

This suit is by a passenger for personal injuries. The private warehouse of J. Walter Jones is situated by the side of appellee's road, at Clifton Heights, Delaware County. Defendant has a switch track extending into the warehouse and over it are large double doors that open outward so as to permit the entry or exit of freight cars. When the doors are opened at right angles with the building they extend out so far as to collide with cars passing on the main track. To prevent this a post had been set in defendant's right-of-way, but on Septem-

ber 24, 1916, it was removed by workmen while changing the grade of the tracks. On the following morning plaintiff was injured by one of the doors swinging out against the car wherein she was a passenger. The door was opened by the employees of Jones, just as, or shortly before, the train passed. The negligent act complained of was the removal of the post, but how long it had stood there or by whom originally erected was not shown. The trial judge granted a compulsory nonsuit, and the refusal to take off the same constitutes the basis of plaintiff's appeal.

The case was rightly decided. As plaintiff's injury did not result from any defect in the instrumentalities of transportation, the burden was upon her to prove negligence on part of defendant, which she failed to do. Nothing was shown indicating any authority on part of Jones to swing his doors over defendant's right-of-way, or to make it incumbent upon the latter to prevent him from so doing, by means of a post or otherwise. Nor was it shown that Jones had any right to maintain the post on defendant's property. It was the duty of Jones to safely control his doors and nothing was shown to transfer that duty to defendant. The mere fact that it removed the post in question does not make out a prima facie case of negligence.

Moreover, the removal of the post was not the proximate cause of the accident. As we said in Bruggeman v. City of York, 259 Pa. 94, "A proximate cause is one which, in actual sequence, undisturbed by any independent cause, produces the result complained of . . . . . . A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated and efficient cause of the injury." In the present case the actual efficient cause was the act of the Jones employees in opening the door; it was the di-

rect, voluntary, intelligent, independent, intervening cause of the accident, and, therefore, its proximate cause; and over such employees defendant had no control.

The judgment is affirmed.

Mr. Justice FRAZER dissented.