LOVELAND *v.* NELSON.

ALLEN *v.* SAME.

1. NEGLIGENCE—RES IPSA LOQUITUR.

That court has not adopted the rule *res ipsa loquitur* does not prevent a plaintiff making a case by circumstantial evidence.[1]

2. PHYSICIANS AND SURGEONS—MALPRACTICE—NEGLIGENCE MAY BE INFERRED FROM ESTABLISHED FACTS.

In actions for malpractice, it is the province of the jury to draw the legitimate inferences from the established facts, in determining whether negligence has been proven.[2]

3. SAME—WHEN CASE FOR JURY IS MADE.

In an action for malpractice, if plaintiff's testimony, taken in its most favorable light, tends to make such a case that, by excluding other causes and establishing the circumstances surrounding the incident, the jury would, by drawing legitimate inferences from the established facts, find negligence on the part of defendant, at least a *prima facie* case is established entitling plaintiff to take the judgment of the jury.[3]

4. EVIDENCE—EXTRAJUDICIAL ADMISSION.

In an action against a dentist for malpractice, his testimony on a former trial that he kept the needle used for injecting anæsthetic, when not in use, suspended in lysol, should be given the effect at least of an extrajudicial admission, although he qualified it on the present trial by explaining that it was suspended in a solution with only a few drops of lysol in it.[4]

5. PHYSICIANS AND SURGEONS—DENTISTS—WHERE JURY MIGHT INFER NEGLIGENCE CASE FOR JURY MADE.

Where, in an action against a dentist for malpractice, testimony in behalf of plaintiff was such that a jury would be authorized in concluding that defendant by mistake injected lysol into plaintiff's gums instead of an anæsthetic, a case for the jury was established.[5]

---

[1]Negligence, 29 Cyc. p. 623 (Anno); [2]Physicians and Surgeons, 30 Cyc. p. 1587; [3]Id., 30 Cyc. p. 1588 (Anno); [4]Evidence, 22 C. J. § 533 (Anno); [5]Physicians and Surgeons, 30 Cyc. p. 1588.

Error to Wayne; Moynihan (Joseph A.), J.    Submitted June 17, 1926.    (Docket Nos. 19, 20.)    Decided July 22, 1926.    Rehearing denied October 4, 1926.

Separate actions of case by Lulu F. Loveland and Florence Allen against James A. Nelson for malpractice.    The cases were tried together.    Judgments for defendant on directed verdicts.    Plaintiffs bring error.    Reversed.

*Walter M. Nelson*, for appellants.

*Douglas, Barbour, Brown & Rogers*, for appellee.

FELLOWS, J.    These cases were tried together and were submitted in this court on one record and will be disposed of in one opinion.    Both plaintiffs were office employees at the Detroit Graphite Company's office in Detroit.    Each wanted a wisdom tooth extracted.    They went together at the noon hour to the office of defendant, a dentist in general practice.    Miss Allen occupied the operating chair first.    When the defendant injected the supposed anæsthetic fluid into the gum she experienced a burning sensation which extended into her throat.    It is her claim that the injection did not deaden the pain.    The tooth was extracted and her face commenced to swell immediately.    Mrs. Loveland experienced the same trouble in the extraction of her tooth.    The after results to both ladies were the same.    Their faces were badly swollen, so much so as to make it extremely difficult to take nourishment; there was an accumulation of pus and sloughing off of the membrane; both suffered much pain and were unable to work for some time.    Both were under the care of physicians and other dentists, and both paid out considerable money for such services.    These actions for malpractice resulted.    At the close of plaintiffs' proofs the trial judge directed a verdict for defendant on the ground

that the testimony left the question of the proximate cause of plaintiffs' condition too conjectural to authorize the submission of the case to the jury, and that without adopting the rule *res ipsa loquitur* no negligence of defendant was established.

This court has not adopted the rule *res ipsa loquitur* but this does not prevent a plaintiff making a case by circumstantial evidence. In *Burghardt* v. *Railway,* 206 Mich. 545 (5 A. L. R. 1333), this court, with the citation of numerous sustaining authorities, said:

"This court has not adopted the rule *res ipsa loquitur;* we have uniformly held that the happening of the accident alone is not evidence of negligence; and we have as uniformly held that negligence may be established by circumstantial evidence, and that where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts that at least a *prima facie* case is made."

And it is the province of the jury to draw the legitimate inferences from the established facts in this character of cases. *Marx* v. *Schultz,* 207 Mich. 655; *Wood* v. *Vroman,* 215 Mich. 449. The *Wood Case* was a malpractice case, and it was said by Mr. Justice SHARPE, speaking for the court:

"The plaintiff was not required to prove to an absolute certainty that the infection was caused by the introduction of the germs in the pus. He was required to establish facts from which such an inference might fairly have been drawn by the jury."

So, if the plaintiffs' testimony, taken in its most favorable light, tends to make such a case that, by excluding other causes and the establishing of the circumstances surrounding the incident, the jury would, by drawing the legitimate inferences from the established facts, find negligence on the part of defendant, they have established at least a *prima facie* case entitling them to take the judgment of the jury. We,

235—Mich.—40.

of course, are not passing on the facts and will only consider what the testimony tends to show.

The usual local anæsthetic used by dentists, and that used by defendant, consists of muriate of cocaine, lysterine, distilled water and menthol. Defendant had this prepared by his pharmacist, Mr. Kolbe, who was called by plaintiffs as a witness. His testimony tended to show that defendant's prescriptions were filled in accordance with the formula furnished. While some insinuations are indulged in that the pharmacist did not properly fill the prescription, the tendency of the testimony of this witness was to exclude negligence on his part and its credibility was for the jury. The medical testimony was quite positive that the condition found in the mouths of plaintiffs was not due to germ inoculation but to the action of a chemical substance.

Lysol is a derivative of coal tar. It is an escharotic, and used as an antiseptic and not as an anæsthetic. The medical testimony is overwhelming and it is conceded to be improper practice, malpractice, to inject it into the gums of a patient. The medical testimony tended to show that the condition found in the mouths of plaintiffs was caused by the injection of lysol into the gums. On a former trial defendant testified that he kept the needle used for injecting the anæsthetic, when not in use, suspended in lysol without qualifying his statement by saying that he meant a solution of lysol. On the present trial he explained that it was suspended in a solution with only a few drops of lysol in it. But his testimony given on the former trial should be given the effect at least of an extrajudicial admission. *Bullen* v. *Wakefield Crushed Stone Co., ante,* 240. This needle suspended in the liquid was handy to the operating chair, either on a work board or a cabinet. No other fluid was injected into the gums of plaintiffs except that injected by defendant.

Almost instantly after injecting the fluid the results experienced by plaintiffs were such as the medical testimony tends to establish would be experienced by the injection of lysol. Under these circumstances we are persuaded that a jury would be authorized in concluding that defendant by mistake injected lysol into the gums of plaintiffs instead of the anæsthetic, and if he did so it is conceded plaintiffs are entitled to recover. Plaintiffs made a case entitling them to take the judgment of the jury.

The judgment must be reversed and a new trial granted. Plaintiffs will recover single costs of this court.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.