Anna M. Moran Howell v. Philadelphia Rapid Transit Company, Appellant.

450

Argued October 4, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Philip Price*, and with him *J. J. K. Caskie*, for appellant, cited: McAvoy v. Kromer, 277 Pa. 196; Kelly v. P. B. & W. R. R. Co., 270 Pa. 149; Barton v. Craighill, 268 Pa. 464.

*Bryan A. Hermes*, for appellee, cited: Thomas v. Pa. Railroad Co., 275 Pa. 579; Patton v. Traction Co., 132 Pa. 76; Buehler v. Traction Co., 200 Pa. 177.

OPINION BY GAWTHROP, J., November 21, 1928:

This is a suit for personal injuries. Plaintiff was a passenger on one of defendant's cars running south on Fifteenth Street in the City of Philadelphia. She

was seated next to the aisle in the second cross seat back of the middle, and on the west side, of the car. A large ash truck was standing on Fifteenth Street west of the track and near it. She testified on direct examination: "Near York Street there was an ash truck standing about three houses away and the car proceeded on as if nothing were there and crashed into it and tore the screens off the windows and broke them in, and I don't know what happened just then, but I was in another seat when it was over;" and that the car moved about a car length after the collision. On cross-examination she testified that the windows which were broken were those between her seat and the rear of the car. Her testimony was uncorroborated. Three witnesses for defendant testified that when the car stopped its rear end was along side of the truck. There was no evidence that any part of the car in front of the window just behind plaintiff's seat came in contact with any object. It appeared in defendant's case that the truck was loaded with rubbish and that after the accident the butt end of a christmas tree, or an iron bar, was projecting over its side toward the car. Plaintiff has a verdict and judgment thereon, from which defendant appealed.

Plaintiff's statement charges defendant with the negligent operation and control of its car. In our view the evidence does not sustain the charge. There was no evidence of excessive speed of the car, or that the car was swaying when it started to pass the truck. It is clear beyond question that more than half of the length of the car had safely passed the truck when something struck the side of the car. The only rational inference from the testimony is that the accident resulted either from the moving of the truck after the front end of the car passed it, or from the moving of some object which was on, or was being put on, the truck during the process of loading. For these causes defendant is not responsible. There is

no evidence that there was an object projecting from the truck when the car started to pass it. A jury cannot be permitted to draw the inference that it was negligence for the motorman to undertake to pass the truck, in view of the undisputed fact that more than half of the length of the car had safely passed it. Counsel for appellant aptly state in their brief that, if there is room for the front of a vehicle of uniform width to pass an object, there is also room for the rear to do so. As plaintiff's alleged injuries did not result from any defect in the instrumentalities of transportation, the burden was on her to prove that defendant was negligent: Kelly v. Phila. B. & Wash. R. R. Co., 270 Pa. 149. This she failed to do. This conclusion makes it unnecessary for us to consider the other questions raised by appellant.

The fifteenth and seventeenth assignments of error are sustained and the judgment is reversed and here entered for defendant.