SOPHIE LUNASKI AND JULIAN LUNASKI, PLAINTIFFS, v. S. KOSSON & SONS, A CORPORATION, AND PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANTS.

Submitted October term, 1929—Decided April 9, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the rule, *Edward H. Backes* and *Henry H. Fryling.*

*Contra, De Turck & West.*

PER CURIAM.

These are rules for new trials allowed to defendants. There was a general verdict against both. The case arose out of a collision between a bus of the Public Service Co-ordinated Transport Company and Kosson's truck, plaintiff being a passenger in the bus. There was a verdict in favor of Mrs. Lunaski for $5,000 and for the husband for $1,500.

The reasons for making the rules absolute are in both cases that the verdicts were excessive, contrary to the weight of the evidence, and in the Public Service Co-ordinated Transport case, that a nonsuit should have been granted.

Mrs. Lunaski was injured in consequence of the collision between the bus and the truck. The mere fact of injury under the circumstances resulting from the collision presented a case in which a nonsuit could not be ordered. *Shay* v. *Camden and Suburban Railway Co.*, 66 *N. J. L.* 334; *Hughes* v. *Atlantic City Railroad Co.*, 85 *Id.* 212. Apart from the inference of negligence presumable under such a state of facts,

there was affirmative proof that the operator of the bus was not at the time of the collision in the exercise of the care exacted of one engaged in carrying passengers for hire.

Nor do we think the verdicts were against the weight of the evidence. The jury might well conclude from the proofs that it was the combined negligence of the servants of the two defendants which caused the plaintiffs' injuries.

The rules are discharged.