## MARY E. CHAPPELL *vs.* UNITED ELECTRIC RAILWAYS CO.
## THOMAS F. CHAPPELL *vs.* SAME.

DECEMBER 23, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney and Murdock, JJ.

STEARNS, C. J. These two actions for negligence were tried together by consent. Mary E. Chappell sues to recover for personal injuries sustained in a collision of two electric cars operated by the defendant. Thomas F. Chappell, her husband, sues to recover for loss of his wife's services and expense incurred by reason of said injuries. The jury returned a verdict for $10,000 for Mary E. Chappell and

a verdict for $1,500 for her husband. Defendant filed a motion for new trial in each case. The motion was denied in the case of Mr. Chappell; in the case of Mrs. Chappell the motion was denied if she remitted all of the verdict in excess of $8,000. Mrs. Chappell duly filed a remittitur. The cases are in this court on defendant's bills of exceptions.

The principal exceptions in each case are to the refusal to direct a verdict for the defendant, to a part of the charge to the jury and to the refusal to grant a new trial. The other exceptions are immaterial and without merit.

There is practically no dispute on the facts. On the morning of October 5, 1928, Mary E. Chappell was a passenger on an electric car of the defendant on its run from Woonsocket to Providence. The car ran on a single track over a private right of way. It passed the turnout north of the village of Limerock and continued on to the south at an increased rate of speed for several hundred yards to the foot of a hill. At this point there is a long curve in the track which continues for some distance through a deep cut in a ledge. When the car in which Mrs. Chappell was riding reached the entrance of this cut a work car came from the south around the curve and out of the cut and the two cars collided with great force. The front vestibule and the two front seats of the south bound car were crushed in; Mrs. Chappell was seriously injured and the motorman on the south bound car was killed.

The plaintiff Mrs. Chappell and two other passengers testified that they were looking at the motorman as they approached the cut and they noticed nothing unusual in his appearance; they saw the north bound car as it came out of the cut and they realized that a collision was imminent; they then saw the motorman move his shoulders and make certain movements which they supposed were directed to the control levers of his car but as he was standing with his back to them they could not see his hands.

For the defence the proof was that the motorman of the south bound car passed two danger signals north of the

cut without stopping as he was required to do; that the north bound car was properly in the block in which the collision occurred and that the collision was caused by wrong operation of the south bound car.

Defendant claimed that the collision was an unavoidable accident or act of God; that when the car passed the danger signals and at the time of the collision the motorman was dead or so ill that he was unable to operate his car. In support of this explanation there was the testimony of the conductor of the south bound car that a few seconds before the collision he saw the motorman seated on his stool in the vestibule and that his head was bent over in a horizontal position. The motorman on the north bound car testified that he caught a glimpse of the motorman on the other car just before the collision and he was then leaning forward over his control levers. A medical expert witness in answer to a hypothetical question by defendant's counsel stated that in his opinion the motorman was dead at the time of the collision. On cross-examination this witness stated that, if the testimony of plaintiffs' witnesses with respect to the movements of the motorman was true, in his opinion the motorman was not dead at the time of collision.

The motion to direct a verdict in each case was properly denied. There was weighty evidence of defendant's negligence. The exception on this ground is overruled.

The trial justice instructed the jury that plaintiffs to recover must prove by a fair preponderance of the evidence that the defendant's motorman just before and at the time of the accident was guilty of some negligence in the operation of the car in which plaintiff Mrs. Chappell was riding; that, from the fact there was a collision between these cars operated by and under the control of the defendant, there arose a presumption of negligence of the defendant; that the plaintiffs having testified to the facts of the collision the burden then shifted to the defendant to show that the collision was not caused by its negligence and if it did not prove this by the fair preponderance of the evidence the

jury would be justified in finding a verdict for the plaintiffs; that if the motorman had been stricken with apoplexy or was so ill at the time he passed the danger signals that he was unable to direct the operation of his car and as a consequence the collision occurred the defendant was not liable; but if, on the other hand, as plaintiffs claimed, the motorman by some oversight failed to see the danger signals and as a consequence proceeded until the collision occurred the defendant was liable. Concluding this portion of the charge the justice again charged the jury that to recover plaintiffs must prove by a preponderance of all of the evidence that the servant of the defendant and he alone was responsible for Mrs. Chappell's injuries. One exception is to the charge that defendant was required to prove by a preponderance of the testimony that the collision was not caused by its negligence.

In the recent case of *O'Donnell* v. *United Electric Railways Co.*, 48 R. I. 18, the established rule in this State was thus stated: "Upon proof of the collision, a *prima facie* case of negligence on the part of the defendant was established; it then became the duty of defendant to produce proof in defence; and in weighing the whole evidence the burden of proof of a right of recovery remained as it was in the beginning, on the plaintiff."

In *Simone* v. *The Rhode Island Co.*, 28 R. I. 186, which was a case arising from a collision between two trolley cars operated by the defendant, the court in its opinion stated that a presumption of negligence arises from proof of the collision which places the burden of explanation upon the defendant and that it is for the jury to say whether the explanation offered by the defendant is or is not a satisfactory explanation. See also *J. Samuels & Bro.* v. *Rhode Island Co.*, 40 R. I. 232.

In *Gleeson* v. *Virginia Midland Railroad Co.*, 140 U. S. 435, the defence to an action for negligence brought by a passenger for personal injury was that the accident complained of was unavoidable and an act of God. The rule of

law is thus stated by the court: "The law is that the plaintiff must show negligence in the defendant. This is done *prima facie* by showing, if the plaintiff be a passenger, that the accident occurred. If that accident was in fact the result of causes beyond the defendant's responsibility, or of the act of God, it is still none the less true that the plaintiff has made out his *prima facie* case. When he proves the occurrence of the accident, the defendant must answer that case from all the circumstances of exculpation, whether disclosed by the one party or the other. They are its matter of defence. And it is for the jury to say, in the light of all the testimony, and under the instructions of the court, whether the relation of cause and effect did exist, as claimed by the defence, between the accident and the alleged exonerating circumstances."

The burden of proof of defendant's negligence was upon the plaintiffs throughout the entire trial and it did not shift to defendant at any time. Upon proof of the collision the burden of evidence, that is, the duty of producing evidence in explanation, was upon the defendant. The weight of such evidence must be enough to satisfy the jury of the sufficiency of the explanation. The defendant is not required to maintain his defence by a preponderance of the evidence. The plaintiffs upon consideration of all of the evidence must establish the negligence of defendant by a preponderance of the evidence. Taken by itself the part of the charge objected to was incorrect and erroneous. But the trial justice in his charge later corrected this error by a full and explicit charge with respect to the duty of plaintiffs to sustain the burden of proof of negligence. We are convinced that the jury was not misled by the erroneous statement of the law. The exception on this ground is overruled.

The trial justice has approved the verdicts, one of which has been reduced in amount. The evidence of liability is ample to support the verdicts. The exceptions on this ground are overruled.

The damages are not excessive in either case. At the time of the accident Mrs. Chappell was seventy-six years of age. She was for a woman of her age vigorous and active. Prior to the accident for eighteen years she had never had to consult a physician. She did her own housework and other work, such as sewing for some of her relatives. As a result of the accident when walking she now has to use a cane, her eyesight is permanently and seriously affected and she now is able to do little, if any, work. On the whole we do not think that $8,000 is an excessive award in her case. The award to the husband is clearly not excessive.

In each case the defendant's exceptions are overruled. Each case is remitted to the Superior Court: Ex. &c. No. 6864, for the entry of judgment on the verdict as reduced by the remittitur; Ex. &c. No. 6865 for the entry of judgment on the verdict.

*Walling & Walling, Everett L. Walling, Lester S. Walling, Ambrose W. Carroll,* for plaintiffs.

*Clifford Whipple, Earl A. Sweeney,* for defendant.