MINNIE PRESTON, Appellee, v. DES MOINES RAILWAY COMPANY, Appellant.

No. 41248.

MARCH 15, 1932.

A. J. Myers, for appellee.

Corwin R. Bennett and A. B. Howland, for appellant.

ALBERT, J.—On the 20th day of December, 1930, plaintiff was a passenger on one of the defendant's street cars in the city of Des Moines, which car was traveling east on Walnut Street in said city. After crossing the river bridge and at the corner of East Third and Walnut Streets, there was a collision between said street car and a truck, resulting in the injuries of which plaintiff complains. Her petition alleged negligence generally, and not specifically, and she relied upon the doctrine of *res ipsa loquitur* to carry the case to the jury.

The Des Moines Railway Company is a common carrier, and it has been repeatedly held in this state that common carriers are subject to the application of the doctrine of *res ipsa loquitur*. Crozier v. Hawkeye Stages, Inc., 209 Iowa 313; Weber v. C., R. I. & P. Ry. Co., 175 Iowa 358; Mitchell v. C., R. I. & P. Ry. Co., 138 Iowa 283; Fitch v. Mason City and Clear Lake Traction Co., 124 Iowa 665; Whittlesey v. Burlington, Cedar Rapids & Northern Ry. Co., 121 Iowa 597.

On submission of the case to the jury the court instructed on the aforesaid doctrine and then said:

"The burden of proof rests upon the defendant to explain the cause of the collision and to establish by a preponderance of the evidence that the collision was not caused by the negligence of the street car motorman, but that the proximate cause of the collision was the negligent operation of the truck that collided with the street car."

This instruction is erroneous. We have fully reviewed and discussed this question in the case of Anderson v. Ft. Dodge, Des Moines & Southern Ry. Co., 208 Iowa 369, where we quoted as the correct doctrine from Connolly v. Des Moines Investment Co., 130 Iowa 633:

"There is no controversy between counsel as to the rule thus announced, but the appellant contends that it shifted the burden of proof, and required the defendants to prove their freedom from negligence on the whole case. The position cannot be maintained, however. A presumption of this kind does no more than to relieve the plaintiff from going forward with his evidence of the defendant's negligence until the defendant has produced his evidence on the subject. It has the force and effect of

a *prima facie* case, and nothing more. If there be no evidence rebutting the presumption, it may be sufficient to sustain the party in whose favor it arises, but does not shift the burden of proof.''

It will be seen from a cursory view of a part of this instruction that it violates the law as specified in the above case in that it places upon the defendant the burden of proof of showing that ''the collision was not caused by the negligence of the street car motorman.''—Reversed.

WAGNER, C. J., and STEVENS, FAVILLE, and DE GRAFF, JJ., concur.