Appenzeller et ux. v. Phila. R. T. Co. et al., Appellants.

320

Argued October 5, 1932.

Before
Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Jay B. Leopold,* and with him *Bernard J. O'Connell,* for Philadelphia Rapid Transit Company, appellant. No presumption of negligence arose from the fact that the plaintiff was injured while a passenger: Gaines v. Chester Traction Co., 224 Pa. 52; Kurtz v. P. R. T. Co., 244 Pa. 179; Kelly v. P. B. & W. R. R. Co., 270 Pa. 149.

*H. A. Barton,* and with him *Swartz & Campbell,* for Robert A. Patterson & Son, appellant.

*Edwin J. McDermott,* and with him *William Charles Brown,* for appellee, cited: Riff v. Pitts. Rwys. Co., 298 Pa. 256; Caplan v. P. R. T. Co., 92 Pa. Superior Ct. 256.

OPINION BY PARKER, J., December 16, 1932:

The plaintiffs, husband and wife, brought this action in trespass against the defendant street car company and the owner of a truck to recover damages suffered by the wife as a result of a collision between a street car and a truck owned by the respective defendants. The case having been submitted to a jury and verdicts having been found in favor of both plaintiffs against both defendants, motions were made for judgments n. o. v. and new trial by each of the defendants. These having been refused, four appeals were taken to this court and will be considered together. The wife was a passenger in a trolley car of the Philadelphia Rapid Transit Company, which car was operated in a northerly direction along Twenty-third Street. The automobile truck of the defendant, Robert A. Patterson &

Son, Inc., proceeding with a load of cement in an easterly direction from a private way leading out of a freight yard, turned north onto the street car tracks on Twenty-third Street. The left front corner of the trolley car collided with the right rear corner of the truck, throwing Mrs. Appenzeller to the floor and injuring her. Twenty-third Street at the point in question was fifty feet in width, of which twenty-six feet in the center was paved. Immediately south of the driveway from which the truck came was a shed which extended from the street to the rear of the lot, thus shutting off the view of one coming from the freight yard to the street until the driver was approximately at the house line.

Plaintiffs contend that both defendants are liable, but each of the latter argues that it is not liable but the other is. If the motorman was negligent, it is no defense that the truck driver was also negligent. As a general rule, negligence rendering a person liable need not be the sole cause of an injury. Where two causes combine to produce injuries, a person is not relieved from liability because he is responsible for only one of them: Gorman v. Charlson, (No. 1), 287 Pa. 410, 414; Smith v. Reading Transit & Light Co., 282 Pa. 511. A recital of a few facts will demonstrate that the negligence of the driver of the truck was a proximate cause of the injury. Twenty-third Street at this point was fifty feet in width with a single street car line thereon. The view of the driver of the truck was shut off by the shed. However, when he came to a point beyond the house line, he had an unobstructed vision in both directions for long distances. The driver testified that a fellow employee went to the center of the street and signalled him to come on, that he relied upon this man to tell him when the way was clear and did not pay any attention to the trolley, that he looked from a point

before he arrived at the house line where he could see the street car track fifty feet to the south, and that he did not see the trolley car or know anything about it until the street car struck the right rear of his truck just about the time he was straightened up in a north and south direction on the tracks. From this it is apparent that the driver did not look when he was about to enter the street car tracks. "It is an inflexible rule that travelers must look at the edge of the street car track for approaching cars thereon": Smith v. Lehigh Valley Transit Co., 296 Pa. 212, 214. "The object of this rule is to enable the traveler to ascertain the position and movement of the electric cars that he may avoid entering upon the track in case of danger. The look is of no avail when he who looks must enter upon the track regardless of what he sees. Hence, as a companion to the rule above stated, is the additional rule that at the moment of such look the traveler must have his vehicle under control so he can stop before getting in the path of an approaching electric car": Smith v. Lehigh Valley Transit Co., supra. The chauffeur was not relieved from the duty to look in both directions before entering the street car tracks by reason of the fact that there was a fellow employee directing his movements. Even at a street intersection, protected by signal lights or a traffic officer, one "is bound to the same degree of care as before the introduction of these modern aids to travel": Byrne v. Schultz, 306 Pa. 427, 432. In that case, it is pointed out that such signals confer no authority on either a motorman or a chauffeur who receives the signal to proceed across the intersection regardless of other persons or vehicles that may already be within it. "It is not a command to go but a qualified permission,—i. e., a permission to proceed lawfully and carefully in the direction indicated."

These principles apply with equal force to the case

we are considering. It was still the duty of the driver of the truck to look before entering the street car tracks and have his car under such control when he did look, that the truck could be stopped and a collision avoided, notwithstanding the direction of the co-employee.

To determine the liability of the transit company, it is necessary to refer at some length to the evidence. The accident occurred between Cherry and Race Streets in broad daylight. There was evidence from which it could be found that the north line of the shed which obstructed the view of the driver southward was about two hundred feet from Cherry Street. We were informed at the oral argument that the actual distance was 152½ feet, as shown by a map not offered in evidence but submitted to this court by the transit company. The street car had stopped at Arch Street, which is the next street south of Cherry Street, and the motorman states that just before the accident it was going "at a pretty good-fair rate of speed," being operated with all the power on and with all the power on he could stop the car in ten or twelve feet; that when he first saw the truck emerging it was twenty feet away, and that he did not see anybody warning him to stop, but that if he had received such warning, he would not have hit the truck. The co-employee, Palmer, testified that he took a position in the street three feet west of the street car tracks; that when he gave the signal to the driver to proceed with the truck, the trolley car was just approaching Cherry Street; and that he then held up his hand and motioned to the motorman to stop, at which time the trolley was just crossing Cherry Street. It further appears, as we have heretofore indicated, that the truck was on the tracks and almost parallel to the line of the tracks when it was struck in the rear by the trolley.

As the accident did not result from a defect in the

means or appliances of transportation, but a collision with a truck which was on the tracks over which the trolley car had the right of way, negligence on the part of the defendant transit company cannot be assumed but must be proved: Blew v. P. R. T. Co., 227 Pa. 319; Kelly v. P. B. & W. R. R. Co., 270 Pa. 149; Welsh v. Jump House Wrecking Co. & P. R. T. Co., 306 Pa. 228. "As a carrier of passengers, it was the motorman's duty to exercise the highest practical degree of care for their safety": Riff v. Pgh. Railways Co., 298 Pa. 256, 259. While a street car company has the right of way over its own tracks, "a street car company has not the exclusive right to the use of a street on which it operates its road, nor has it such rights to its own tracks": McFarland v. Traction Co., 204 Pa. 423. If the question presented here arose in an action between the owner of the truck and the transit company where the degree of care required upon the part of the transit company was that of ordinary prudence, there might be a serious question as to the liability of the transit company, but here as a carrier of passengers, the transit company was held, as we have indicated, to the highest practicable degree of care for their safety. See Beaumont v. Beaver Valley Traction Co., 298 Pa. 223, 230. We are all of the opinion that there was sufficient evidence from which the jury might find there was a failure to use such care. The motorman admits that he saw the truck when it was twenty feet away and he could have stopped his car in ten or twelve feet, and that if he had seen the witness Palmer giving a signal to stop, the accident would not have occurred. "The motorman must hold strictly to his work and not for a moment turn away his eyes or his thoughts from his duties": Beaumont v. Beaver Valley Traction Co., supra. The motorman admits that he had been running on this street for fifteen years and knew that many trucks

were accustomed to use the freight yard and pass to and from it. Under such circumstances, we cannot say as a matter of law that the jury did not have sufficient evidence to warrant it in finding that the transit company had not exercised the highest practicable degree of care toward the injured party.

The four judgments are affirmed.