MARIE K. KNIGHT, APPELLEE, V. LINCOLN TRACTION
COMPANY, APPELLANT.

FILED JUNE 22, 1934. No. 28987.

*Flansburg, Lee & Sheldahl* and *Baylor & Tou Velle,* for appellant.

*Comstock & Comstock, contra.*

Heard before ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LESLIE and RYAN, District Judges.

PAINE, J.

This is an action for personal injuries sustained by plaintiff. Judgment for $750 was entered upon verdict against Henry H. Flood, Myrna Flood, and the Lincoln Traction Company.

Plaintiff was a fare-paying passenger upon a public bus of the Lincoln Traction Company, which was traveling east on Vine street in Lincoln, and when it had nearly crossed the intersection at Sixteenth street an automobile, which was being driven north on Sixteenth street by Myrna Flood, crashed into the side of the bus near the rear end. The bus had stopped at the stop button, which was then on the west side of Sixteenth street, at which time the driver, Miller, saw the Flood automobile a block south, as he proceeded very slowly across Sixteenth street after making the stop. The Flood automobile struck the side of the bus near the rear end, the photograph showing

that the crash tore off the fender at the rear of the rear wheel of the bus, and bent in the side wall clear to the rear of the bus. The picture of the Flood car showed that it had struck squarely on the front of the automobile, as both front fenders and both lamps and radiator showed damage.

Miss Myrna Flood testified that her father was a salesman for the Lincoln Mineral Products Company, and was sick in bed on the day of the accident, and that she was taking an order for a ton of salt from one of her father's customers to the plant when the accident occurred. She testified she was driving a Chevrolet coach belonging to her father. She insisted that the bus failed to stop at the stop button on the west side of Sixteenth street, and came right through, and that she struck it just back of the front door. She testified that she had had to slow up for a van coming out of the Kappa Kappa Gamma house at 616 North Sixteenth street, and that she did not see the bus from the time it approached the stop button until she struck it. She testifies she was driving at 15 miles an hour, and could have stopped within five feet. The weight of the evidence of the majority of the witnesses, and of the photographs of the bus and the car, does not support her testimony upon many points.

The bus driver, having entered the intersection first, after having made the stop at the button, had the right of way, and the front of his bus had cleared the intersection when the Flood car struck the side near the rear. Alma Freehling, a university student, who was sitting near the plaintiff in the bus, testified that the bus was struck at the rear end, and the photograph was correct. She testified that she felt a jar, and thought the bus had hit the curb; that she was not thrown out of her seat. The evidence clearly shows that the driver of the bus was careful, and was guilty of no negligence whatever, and the facts do not justify a finding of negligence on the part of the Lincoln Traction Company.

In *Fagan v. Rhode Island Co.*, 27 R. I. 51, where a boy

of 14 years was injured while a passenger upon an electric car, in which he was asleep about midnight, and said car was struck by a pair of horses followed by a covered wagon, it was held by the court: "In an action for injuries to a passenger by a collision between a car in which he was riding and a vehicle which turned on the track from a country road, the fact of the collision raised no presumption of negligence." (60 Atl. 672.)

In *Di Leo v. Eastern Massachusetts Street R. Co.*, 255 Mass. 140, it was held: "In passenger's action for personal injury in collision between defendant's electric car and an automobile truck, plaintiff had burden to prove, by affirmative evidence, negligence of defendant; the doctrine of *res ipsa loquitur* being *inapplicable.*" (150 N. E. 891.)

Therefore, in the case at bar, where a common carrier is operating a bus on a public street, and is struck by an automobile, causing injuries to a passenger on the bus, there is no presumption, from the mere fact of collision, that the bus company was guilty of negligence. *McCulley v. Anderson*, 119 Neb. 105; *Stangy v. Boston Elevated R. Co.*, 220 Mass. 414; *Blew v. Philadelphia Rapid Transit Co.*, 227 Pa. St. 319.

The trial court, by instruction No. 1, told the jury he had dismissed the action as against the Lincoln Mineral Products Company, and the court would have been justified in directing a verdict for the Lincoln Traction Company, for negligence must be determined from the facts bringing about the collision, and the burden was upon the plaintiff to prove negligence of the bus company before she could recover, and this she failed to do.

The evidence discloses that there was no negligence of any kind on the part of the bus driver. The court should have sustained the motion of the Lincoln Traction Company at the close of all the evidence, and directed dismissal. The judgment of the trial court against the Lincoln Traction Company is reversed and the cause is remanded as to it.

REVERSED.