THOMAS DE NICOLA, p. a. *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

DECEMBER 20, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. This case is before us on the plaintiff's exception to a decision sustaining the defendant's demurrer to his amended declaration.

The action is trespass on the case for negligence. The plaintiff was a passenger on a street railway car of the defendant which collided with an automobile at or near the intersection of Fountain and Mathewson streets in the city of Providence on May 29, 1934. The declaration sets forth the defendant's alleged breach of duty by charging that it "then and there did so negligently, carelessly, and recklessly guide, operate and control its said street railway car in which the plaintiff was a passenger for hire, as aforesaid, as to suffer, permit, let or cause the aforesaid street railway car to run into and strike a certain motor vehicle, to wit, an automobile . . ." The defendant demurred on the ground that it does not appear in the declaration "in what respect the defendant was negligent."

The question raised by these pleadings is restricted to the case of a passenger who brings suit against a street railway company for alleged negligence in the operation of the car in which he is riding. The plaintiff urges that under these circumstances a general allegation of negligence is sufficient and he presents a number of authorities in support of his contention that a presumption of negligence in favor of the plaintiff arises from proof of the collision alone. The defendant maintains that under the facts stated no presumption of negligence is raised and contends that the declaration should either specify the nature of the negligence relied on by the plaintiff or that facts should be stated in the declaration sufficient to give the defendant notice in what respect it was negligent. It relies mainly on the case of *Ferra* v. *United Electric Rys. Co.*, 52 R. I. 7, 155 A. 668. Both parties cited the case of *Fagan* v. *Rhode Island Co.*, 27 R. I. 51, 60 A. 672, but differed as to its interpretation and application.

We find that there is ample authority in this State to determine this question. The case of *Ferra* v. *United*

404

*Electric Rys. Co., supra,* is not analogous, for in that case the plaintiff was a passenger on a truck which was in collision with a trolley car and not a passenger on the car itself. The contractural relation that is created when a person becomes a passenger on a street railway car imposes on the company the duty to exercise for the safety of passengers the highest degree of care and foresight consistent with the orderly conduct of its business with respect to all matters under its control in order that it may be in the exercise of due care towards the passenger. *Adams* v. *United Electric Rys. Co.,* 46 R. I. 312, 128 A, 197. Therefore the company occupies a different position with respect to its passenger from that which it occupies with respect to a person riding in a vehicle not operated by the same company. A passenger in a trolley car, having no control over the operator, is under no duty to observe his conduct or the changing conditions of traffic. To expect him to do this, so that if an accident happens he can state its cause, is to constitute him a lookout for all emergencies. This is the function of the operator and not of the passenger. What actually occurs in case of an accident is more likely to be within the knowledge of the operator, whose primary duty is to control the car in accordance with changing street conditions, than within the knowledge of a passenger, who ordinarily is concerned only with his own affairs.

The cases cited by the defendant in which the plaintiffs as occupants of other vehicles sue the railway company, or those cases in which recovery is sought on various grounds of negligence from defendants other than a common carrier, rest upon different considerations and, therefore, are of no assistance in the matter at issue.

In a collision between two cars of the same defendant company, where a passenger is injured, this court has held that a "presumption of negligence arises from this fact which places the burden of explanation upon the defendant." *Simone* v. *Rhode Island Co.,* 28 R. I. 186, 66 A. 202. And again that "Upon proof of the collision, a

*prima facie* case of negligence on the part of the defendant was established." *O'Donnell* v. *United Electric Rys. Co.*, 48 R. I. 18, 134 A. 642; *Chappell* v. *United Electric Rys. Co.*, 51 R. I. 148, 152 A. 738.

Although we appreciate the fact that in the cases cited both vehicles were under the control of the same defendant, yet we feel that the passenger on the car is in the same position legally in such an accident as he is in a collision between the car and the vehicle of a third party, at least in regard to stating a sufficient cause of action in the declaration. In each instance, the passenger relies for his safe transportation upon the operator of the car in which he is riding.

In *Fagan* v. *Rhode Island Co., supra,* where the action was brought by a passenger in one of defendant's electric cars for injuries sustained as the result of a collision between the car and a horse-drawn vehicle on a suburban road, the court says: "The plaintiff bases her right to recover upon the claim that the fact of the collision is sufficient in itself to prove negligence on the part of the defendant's servants who were managing the car . . . Undoubtedly if the collision had been between two cars operated by the defendant, the implication of negligence would have been irresistible. If the collision had been with a team in a frequented city street, where care is always necessary to avoid collisions and where proper care will generally avoid them, the implication would arise that proper care had not been used and the burden would have been upon the company to show that it had not been negligent." This case, in denying the plaintiff's right to recover, seems to draw a distinction between an accident in which the passenger is injured while the car is operated in a frequented city street and a similar accident on a suburban or country highway. No rule of pleading is involved or discussed, which is the only matter now before us. We therefore feel that this case has no bearing on the question in the instant case. The case of *Hughes* v. *United Electric Rys. Co.*, 160 A. (R. I.)

463, is equally inapplicable. As DURFEE, C. J., pointedly remarks in *Cox* v. *Providence Gas Co.*, 17 R. I. 199, at page 200: "The rule of certainty in pleading is not too rigid to be reasonable. It was designed to further, not defeat, the ends of justice; and it is elementary that it requires no more particularity than the nature of the thing pleaded admits, and that, when the facts lie more in the knowledge of the opposite party than of the pleader, it allows a good deal of generality." In *Parker* v. *Providence & Stonington S. Co.*, 17 R. I. 376, this language is cited with approval.

After a consideration of the authorities cited and of our own decisions in particular, we have reached the conclusion that where a person brings suit against a street railway company for injuries sustained while he was a passenger on a car that collided with another object or vehicle on any street or highway, whether in the city, suburbs or country, a general allegation of negligence on the part of the defendant in operating the car is sufficient.

The plaintiff's exception is sustained and the case is remitted to the superior court for further proceedings.

*Goldberg & Goldberg*, for plaintiff.

*Clifford Whipple, Frank J. McGee*, for defendant.