CAPITAL TRANSIT CO. v. JACKSON.

No. 8825.

United States Court of Appeals
District of Columbia

Argued May 7, 1945.

Decided June 18, 1945.

Mr. Edwin A. Swingle, of Washington, D. C., with whom Messrs. Ernest A. Swingle and Allan C. Swingle, both of Washington, D. C., were on the brief, for appellant.

Messrs. B. T. Sanders and Horace O. Pollard, both of Washington, D. C., were on the brief for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

GRONER, C. J.

Appellee was a passenger on a street car operated in the City of Washington by Transit Company (appellant). She was injured as the result of a collision between the street car and a truck owned by Ambassador Laundry and brought this suit against both Transit and Laundry Companies. The complaint alleged general negligence against Transit Company and violation by Laundry Company of city traffic ordinances. At the trial appellee testified that at the time of the collision she was a passenger of Transit Company, occupying a seat immediately behind the operator of the car, and that without any fault on her part she was injured as a result of the collision. She called as witnesses the drivers of the car and the truck, who testified that they were in charge of their respective vehicles at the time of the collision. No further testimony was offered by any party.

Both Transit Company and Laundry Company moved for directed verdicts on the ground that appellee had failed to show against either of them any act of negligence. Both motions were granted and, on appeal to the Municipal Court of Appeals, the judgment in favor of Laundry Company was affirmed, and the judgment with respect to Transit Company was reversed, and the case remanded for a new trial on the ground that as against the latter a prima facie case was made which entitled appellee to go to the jury.[1]

We allowed an appeal at the instance of Transit Company. No appeal to us was requested from the judgment dismissing Laundry Company from the proceeding. Transit Company's position in this court is that the doctrine of *res ipsa loquitur* does not apply because, there having been no charge of "failure of the means of transportation," and the injury having been caused by a collision between two moving vehicles, only one of which was under the control of petitioner, no presumption of negligence arose out of the occurrence. As a preliminary question Transit Company argued that appellee, having failed to examine the drivers of the two vehicles whom she called to the stand as to the cause of the collision, thereby failed to present evidence within her power, and accordingly an inference arose that the evidence, if offered, would have been unfavorable. But we need not stop to notice this. The main question, namely, whether *res ipsa* applies in the case of a collision between a carrier and another vehicle, over which the carrier has no control, presents greater difficulties. An examination of the cases shows a wide divergence of view in different States. Those which hold that the fact of collision is not sufficient evidence of negligence in the case of an injured passenger, and accordingly that *res ipsa* has no application, include Colorado, Illinois, Indiana, Maryland, Massachusetts, Michigan, Minnesota, Nebraska, Pennsylvania, Virginia and Wyoming[2] On the other hand, Ari-

[1] Jackson v. Capital Transit Co., D.C. Mun.App., 38 A.2d 108.

[2] Colorado: Yellow Cab Co. v. Hodgson, 91 Colo. 365, 14 P.2d 1081, 83 A.L.R. 1156; Illinois: Chicago Union Traction Co. v. Mee, 218 Ill. 9, 75 N.E. 800, 2 L.R.A.,N.S., 725, 4 Ann.Cas. 7; but cf. Pearlman v. W. O. King Lumber Co., 302 Ill.App. 190, 23 N.E.2d 826; Indiana: Union Traction Co. v. Mann, 72 Ind.App. 50, 124 N.E. 510; Union Traction Co. v. Alstadt, 195 Ind. 389, 143 N.E. 879; cf. Union Traction Co. v. Berry, 188 Ind. 514, 121 N.E. 655, 124 N.E. 737, 32 A.L.R. 1171; Maryland; Klan v. Security Motors, 164 Md. 198, 164 A. 235, but see Cumberland & Westernport Transit Co. v. Metz, 158 Md. 424, 149 A. 4, 565;

Massachusetts: Di Leo v. Eastern Mass. St. Ry., 255 Mass. 140, 150 N.E. 891; Michigan: cf. Loveland v. Nelson, 235 Mich. 623, 209 N.W. 835, with Thurston v. Detroit United Ry., 137 Mich. 231, 100 N.W. 395; Minnesota: Sullivan v. Minneapolis St. Ry., 161 Minn. 45, 200 N.W. 922, 926; Nebraska: Knight v. Lincoln Traction Co., 127 Neb. 447, 255 N.W. 774; Pennsylvania: Appenzeller v. Philadelphia Rapid Transit Co., 107 Pa.Super. 319, 163 A. 387; Virginia: cf. Riggsby v. Tritton, 143 Va. 903, 129 S.E. 493, 45 A.L.R. 280, 306; Wyoming: cf. Stanolind Oil & Gas Co. v. Bunce, 51 Wyo. 1, 62 P.2d 1297. See, Prosser, Res Ipsa Loquitur: Collision of Carriers with Other Vehicles (1936), 30 Ill.L.Rev. 980.

zona, Arkansas, California, Iowa, Kansas, Kentucky, Louisiana, Missouri, New Jersey, New York, Oklahoma, Rhode Island and West Virginia hold that proof of the collision is sufficient of itself to create a prima facie case.[3] Several federal cases sustain this view.[4]

█ Some of the decisions hold that a "presumption" arises, some a "permissible inference," others a "prima facie case," and in still others that the burden of proof is shifted to the defendant. The confusion is added to by the continued use of the words *res ipsa loquitur* to describe all of these rules without distinguishing among them.[5] But whatever the result of the application of the rule in other jurisdictions, in the District of Columbia the rule is that, when *res ipsa* is applicable, it permits an inference of negligence and thus establishes a prima facie case, or, in other words, makes a case to be decided by a jury.[6] But it does not shift the burden of the proof. When all the evidence is in, the question for the jury still is whether the preponderance is with the plaintiff.

█ Though the question in the precise conditions we have here has not before arisen in this jurisdiction, the view has always been that a carrier of passengers is subject to certain definite responsibilities which, without a showing

that these were discharged, will justify an inference of negligence.[7] And this rule, as applied in cases of collisions between two moving vehicles, is stated in Plumb v. Richmond Light & Ry., 233 N.Y. 285, 135 N.E. 504, 25 A.L.R. 685 (adopting the language of Loudoun v. Eighth Ave. R. Co., 162 N.Y. 380, 386, 56 N.E. 988), to be based on the fact that the control of the transportation of a passenger is wholly confided to the employees operating the car and the passenger cannot be expected to be on the watch, either as to its management or that of other vehicles, or if a collision takes place, to account for its occurrence. Accordingly, the happening of such a collision and the surrounding circumstances may permit an inference of negligence on the part of the defendant which is sufficient to support the plaintiff's case *against* a motion for directed verdict. If in the instant case the trial judge had directed a verdict for plaintiff (appellee) upon the refusal of Transit Company to go forward with the proof, or had submitted the case to the jury on a presumption of negligence, we should have a different case. But here, as we have seen, the judge directed a verdict for both defendants, the effect of which was to ignore completely plaintiff's prima facie case against Transit Company. No reason is assigned for this action. But doubtless the

[3] Arizona: Pickwick Stages Corp. v. Messinger, 44 Ariz. 174, 36 P.2d 168; Arkansas: Biddle v. Riley, 118 Ark. 206, 176 S.W. 134, L.R.A.1915F, 992; California: Godfrey v. Brown, 220 Cal. 57, 29 P.2d 165, 93 A.L.R. 1092; Iowa: Preston v. Des Moines Ry., 214 Iowa 156, 241 N.W. 648; Kansas: St. Louis & S. F. R. R. v. Burrows, 62 Kan. 89, 61 P. 439; Kentucky: cf. Central Passenger Ry. v. Kuhn, 86 Ky. 578, 6 S.W. 441, 444, 9 Am.St.Rep. 309; Louisiana: Thibodeaux v. Star Checker Cab Co., La. App., 143 So. 101; Missouri: Zichler v. St. Louis Public Serv. Co., 332 Mo. 902, 59 S.W.2d 654; New Jersey: Lunaski v. Kosson & Sons, 149 A. 760, 8 N.J.Misc. 265; New York: Plumb v. Richmond Light & Ry., 233 N.Y. 285, 135 N.E. 504, 25 A.L.R. 685; Oklahoma: cf. St. Louis & S. F. Ry. v. Gosnell, 23 Okl. 588, 101 P. 1126, 22 L.R.A.,N.S., 892; Rhode Island: De Nicola v. United Electric Rys., 55 R.I. 402, 182 A. 1; West Virginia: Hodge v. Sycamore Coal Co., 82 W.Va. 106, 95 S.E. 808. See also 9 Wigmore, Evidence (3rd Ed. 1940) § 2509; Shain, Res Ipsa Loquitur (1945).

[4] North Jersey St. Ry. v. Purdy, 3 Cir.,

142 F. 955; Southern Pac. Co. v. Cavin, 9 Cir., 144 F. 348; Minneapolis St. Ry. v. Odegaard, 8 Cir., 182 F. 56; New York Central R. R. v. Johnson, 8 Cir., 27 F.2d 699; Interstate Stage Lines Co. v. Ayers, 8 Cir., 42 F.2d 611; cf. Cochran v. Pittsburgh & L. E. R. R., D.C.Ohio, 31 F.2d 769.

[5] See 9 Wigmore, Evidence § 2509; Prosser, supra, note 2.

[6] Sweeney v. Erving, 228 U.S. 233, 241, 33 S.Ct. 416, 57 L.Ed. 815, Ann.Cas. 1914D, 905; Sullivan v. Capital Traction Co., 34 App.D.C. 358, 369-371; Pistorio v. Washington Ry. & Elec. Co., 46 App. D.C. 479, 485; Robertson v. Washington Ry. & Elec. Co., 51 App.D.C. 311, 279 F. 180; King v. Davis, 54 App.D.C. 239, 296 F. 986; Hohenthal v. Smith, 72 App. D.C. 343, 347, 114 F.2d 494, 498; Brown v. Capital Transit Co., 75 U.S.App.D.C. 337, 127 F.2d 329, certiorari denied, 317 U.S. 632, 63 S.Ct. 61, 87 L.Ed. 510; Washington Loan & Trust Co. v. Hickey, 78 U.S.App.D.C. 59, 61, 137 F.2d 677, 679.

[7] Ibid; cf. Gleeson v. Virginia Midland Ry., 140 U.S. 435, 444, 11 S.Ct. 859, 35 L.Ed. 458.

trial judge acted on the theory that the doctrine of *res ipsa* should not be applied in the relationship of passenger and carrier as to one of defendants, in a case involving another defendant, with whom there existed no contractual relationship. But this, we think, is incorrect. Here appellee was a passenger on one of the cars of Transit Company and that fact imposed on the Company the exercise of a very high degree of care [3] to transport her in safety to her destination. The management and control of the transportation were confided to the employee operating the car. Appellee was not expected or required to be on watch against accidents or collisions with other vehicles. Accordingly, when, as in this case, a collision occurred, that circumstance alone was sufficient to permit the jury to infer that the carrier had been negligent.

Here appellee, by the aid of a legal rule made out a prima facie case, but no more. If Transit Company had offered evidence of due care, the jury's verdict might well have gone against her. On the new trial ordered by the Municipal Court of Appeals the question will be for the jury, when all the evidence is in, whether the preponderance is with the plaintiff.

From what has been said it follows that the opinion of the Municipal Court of Appeals in reversing the judgment in favor of the Transit Company and awarding a new trial was in all respects correct.

Affirmed.

[3] Francis v. Fitzpatrick, 67 App.D.C. 69, 71, 89 F.2d 813, 815.