Mrs. Fannie LAZARUS, Appellant

v.

EASTERN AIR LINES, INC., Appellee.
No. 15873.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 21, 1960.

Decided May 11, 1961.

Petition for Rehearing En Banc Denied
June 7, 1961.

Magruder, Circuit Judge, dissented.

Mr. Samuel Intrater, Washington, D. C., with whom Mr. Albert Brick, Washington, D. C., was on the brief, for appellant.

Mr. William E. Stewart, Jr., Washington, D. C., with whom Messrs. Richard W. Galiher and William J. Donnelly, Jr., Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and EDGERTON, Circuit Judge, and MAGRUDER, Senior United States Circuit Judge for the First Circuit.*

WILBUR K. MILLER, Chief Judge.

At Atlanta, Georgia, about one o'clock in the morning, Mrs. Fannie Lazarus, a seasoned air traveler, boarded an Eastern Air Lines plane bound for New Orleans. The interior of the plane was dimly lighted, presumably because some of the passengers were asleep. Mrs. Lazarus immediately called for a cup of tea, which was served to her not earlier than 1:15 a. m. The stewardess put a pillow on her lap and then placed thereon a tray with a container of hot tea. Soon thereafter the tea was spilled on appellant's person.

She sued Eastern Air Lines, alleging that "due to negligence, carelessness and recklessness of the defendant * * * the cup of hot tea was caused to tip over and fall on and against the plaintiff, who sustained severe burns as a result thereof." At the pre-trial proceeding, Mrs. Lazarus asserted her reliance upon the doctrine of res ipsa loquitur.

Mrs. Lazarus testified that a movement of the plane upset the container of tea.[1]

---

* Sitting by designation pursuant to Section 294(d), Title 28 U.S.Code.

1. It does not appear that any other damage was done, that any passenger was disturbed, nor that any loose object was thrown from its position, as inevitably would have happened if the plane had suddenly gone into a vertical position, as the appellant would have us believe the

She said the tea was spilled "because the plane was taking off, had been off, and *gradually it made one dip way down,* like that, and before I realized the tea was all over me \* \* \* ." (Emphasis supplied.) At another point in the transcript of the testimony of Mrs. Lazarus, the following question and answer appear:

"Q. Now, with regard to this dipping of the plane to the left, was this—was there a bumpy motion or was this a smooth motion? How would you describe the motion of the plane at that time? A. No, it was going along smoothly until finally I felt that going down to the left, that way, and then straightened out. \* \* \* "

Thus, it seems clear that the inclination of the plane from a horizontal position was in a smooth movement to the left as would be made in a turn in that direction. Such a movement often occurs when the plane is being operated in a non-negligent manner.

Asked by the trial judge to particularize as to the negligence he claimed to have shown, the appellant's attorney replied, "The negligence in the operation of the airplane in making such a steep turn at a time when a passenger had been served hot tea." Again he gave his theory of the case as follows:

" \* \* \* This pilot made a very steep turn, a steep turn at a time when she was being served hot fluids. It is our contention that during such a period of time, that if a stewardess serves hot food, or any type of food, to a passenger, that the pilot should either at that time be given notice of that fact so that he may regulate his turn or, in the alternative, in the ordinary operation of the airplane the pilot should take care not to make so steep a turn as

to cause possible injury to passengers."

That is to say, according to the appellant's theory, the pilot should take care not to make so steep a turn as to upset a cup of tea.

District Judge Alexander Holtzoff, in directing a verdict for Eastern Air Lines, summed up the situation thus:

"The Court is of the opinion that on the evidence adduced in behalf of the plaintiff on the issue of liability a prima facie case has not been made out justifying the submission of this case to the jury. There is not a scintilla of evidence here of any negligence on the part of the defendant. The plaintiff boarded the plane. She asked for a cup of tea. The stewardess complied with her request, first placing a pillow on her knees, then a tray, and then bringing her a container of tea. The airplane had been traveling smoothly and then made a slow dip to the left. The tea spilled and, unfortunately, it came in contact with the plaintiff's body.

"It cannot be argued that the service of the tea was negligently done because there is no evidence of negligence on that score. There is no basis for drawing an inference that there was any negligence on the part of the pilot in causing the plane to dip because that is a part of airplane travel.

"Even applying the rule, as the Court is doing, that the defendant as a common carrier was charged with the highest degree of care towards the plaintiff as a passenger, there is no evidence whatever of any negligence and there is no question to submit to the jury.

"Under the circumstances, the Court will direct a verdict in favor of the defendant."

evidence showed. Against this factual background, it seems impossible that the plane dipped as steeply and as abruptly as the attorney for Mrs. Lazarus indi-

cated when he attributed to her a manual gesture demonstrating an almost vertical position.

On this appeal, the question is whether the story told by Mrs. Lazarus permitted the inference that the pilot had been negligent; that is to say, whether the trial judge erred in directing a verdict for Eastern Air Lines at the conclusion of the evidence for Mrs. Lazarus.

The generally recognized nature of *res ipsa loquitur* shows the doctrine is not applicable here, regardless of whether it be interpreted under the law of the District of Columbia or that of the jurisdiction where the tea was spilled.[2]

■ *Res ipsa loquitur* requires that there be no probable explanation for the occurrence except the negligence of the defendant. Slaughter v. D. C. Transit System, 1958, 104 U.S.App.D.C. 275, 261 F.2d 741. It is generally said that the incident must be of a kind which does not ordinarily occur unless someone is negligent. So, the question is whether a jury may infer that a container of tea on a tray held by a passenger on an airplane in flight will not tilt or tip over unless the pilot is negligent.

■ The dip of an airplane in flight which was only sharp enough to upset a cup of tea is not an incident which probably would not have happened unless the pilot had been negligent. Such an upset is a likely incident of air travel, just as it is of bus and rail travel, and may happen on a smooth flight even though the pilot has not been negligent. It is common knowledge that airplanes have not yet achieved the constant stability in flight which appellant's theory would require that a pilot maintain on pain of being charged with negligence.

■ ■ Long ago,[3] this court said, "That rule of presumption [*res ipsa loquitur*] is always applied with caution * * *." No cautious court would apply it in the circumstances here present-

ed. We think Judge Holtzoff was correct in directing a verdict for the defendant.

Affirmed.

MAGRUDER, Circuit Judge (dissenting).

It seems to me that if we would adhere to the decisions that have already been made by this court we would have to reverse this case.

I do not see how it can be denied that a sudden and unnecessary dip of a plane may be a negligent act in that it subjects passengers to a variety of undue physical risks. A passenger might, if standing up, suffer injuries by being projected to the floor, or, as in this case, a passenger having a pot of hot liquid in his lap might be scalded when the liquid is suddenly overturned.

But of course we do not know what caused the sudden movement of the plane. Normally the pilot would know that, but the carrier did not call him as a witness by way of explanation. Normally, also, as this court said in Capital Transit Co. v. Jackson, 1945, 80 U.S.App.D.C. 162, 164, 149 F.2d 839, 841, "the passenger cannot be expected to be on the watch, either as to its [that is, the vehicle's] management or that of other vehicles, or if a collision takes place, to account for its occurrence. Accordingly, the happening of such a collision and the surrounding circumstances may permit an inference of negligence on the part of the defendant which is sufficient to support the plaintiff's case *against* a motion for directed verdict." It is only a matter of convenience and justice whether the law should impose upon the carrier the duty of "going forward with the evidence," or should impose upon the carrier the ultimate shifting of the burden of proof concerning the nonexistence of negligence. See Morgan, "The Law

2. The proof does not show whether that occurred in Georgia or in Alabama. At least fifteen minutes before the cup was tilted, the New Orleans-bound plane had left Atlanta, which we were told is 50 or 60 miles from the Alabama line. Its rate of speed was not shown, but it probably

was more than 200 miles an hour. Hence the record does not show in which state the tea was spilled.

3. Kight v. Metropolitan Railroad Co,. 1903, 21 App.D.C. 494, 508.

of Evidence, 1941–1945," 59 Harv.L.Rev. 481, 491 (1946). I cannot say that this court is entirely unreasonable in putting the burden of going forward with the evidence upon the carrier in carrier-passenger cases.

As the authorities cited in Capital Transit Co. v. Jackson, supra, 80 U.S. App.D.C. at pages 163, 164, 149 F.2d at pages 840, 841, indicate, where all that is shown is that a sudden movement on the part of the defendant's vehicle has caused an injury to a third person not a passenger therein, the cases are in disagreement whether the doctrine of *res ipsa loquitur* is applicable so as to warrant submission of the issue of negligence to the jury. The argument is that the driver of the defendant's vehicle is not in sole control of the situation, since it might be that he had to make a sudden movement because of the aberration of some other driver. But Chief Justice Groner in Capital Transit Co. v. Jackson has said that this argument is not applicable where the plaintiff happens to be a passenger in the defendant's vehicle, as was true in the case at bar. In such a situation the mere happening of the accident, unexplained, may justify a jury in inferring negligence and may make it a reversible error for the trial judge to direct a verdict for the defendant.

Moreover, even were I to agree that the dip to which Mrs. Lazarus testified could have occurred without the pilot's negligence, that it was an ordinary maneuver of the plane incident to turning its direction of flight, and that an upset of the hot liquid is merely a likely incident of air travel, this still leaves totally unanswered the alternative argument made by the plaintiff that due care required some warning by the carrier to the passenger to whom it had just served a cup of tea which was literally "scalding hot." In either event it seems to me error to have directed a verdict for the defendant, as was done here.

Because of the possibility that Eastern Air Lines, Inc., had in its possession evidence tending to show that the sudden dip or lurch of the plane was consistent with the exercise of the applicable degree of care on its part, and merely failed to introduce such evidence because of a mistake of law in believing that the plaintiff, a passenger, had not shown enough to make out a "prima facie case" of breach of duty, I think it only fair that the defendant should be given an opportunity, at a new trial, to produce such evidence if available. I would therefore vacate the judgment for the defendant rendered pursuant to the directed verdict, and remand the case to the District Court with instructions to take further proceedings not inconsistent with the foregoing opinion.