plained of other than in a habeas corpus proceeding. Heikkila v. Barber, 1953, 345 U.S. 229, 235, 73 S.Ct. 603, 97 L.Ed. 972. This court's order of February 6, 1951, granting a Government motion to remand the case to the District Court for trial, was based on the theory that the decision in McGrath v. Kristensen, 1950, 340 U.S. 162, 71 S.Ct. 224, 95 L. Ed. 173, would support jurisdiction in the present case. We think the later decision in Heikkila shows this to have been a mistake, and that our previous order has not become the law of the case which we are required to perpetuate. See White v. Higgins, 1 Cir., 1940, 116 F.2d 312. The case must be remanded to the District Court with directions to vacate the judgment and dismiss the action. Zank v. Landon, 9 Cir., 1953, 205 F.2d 615.

So ordered.

Mr. Arthur J. Hilland, Washington, D. C., with whom Mr. Vincent C. Burke, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Leonard S. Melrod, Washington, D. C., with whom Mr. Joseph V. Gartlan, Jr., Washington, D. C., was on the brief, for appellee.

Before BAZELON, FAHY and WASHINGTON, Circuit Judges.

---

**C. Newton JEFFRESS, Appellant,**

v.

**J. Daniel WEITZMAN, Appellee.**

No. 12384.

United States Court of Appeals, District of Columbia Circuit.

Argued March 16, 1955.

Decided March 31, 1955.

PER CURIAM.

Appellant, a real estate broker, filed suit in the District Court against appellee in a two count complaint. The first count alleges in substance that defendant promised to pay plaintiff the usual and customary real estate broker's commission if defendant purchased certain real estate the availability of which was brought to his attention by plaintiff, but which defendant in fact purchased through another agent. The court granted defendant's motion for summary judgment. As permitted by Rule 56 (b), Fed.Rules Civ.Proc., 28 U.S.C.A.,

the court before ruling considered a deposition in which plaintiff fully set forth the factual basis for his claim of a promise as alleged. No other facts being advanced summary judgment for defendant was proper, for the deposition shows no factual issue which would have justified the court in refusing to direct a verdict for defendant; that is, as the Rule states, defendant was entitled to judgment as a matter of law. Rule 56(b), supra; Dewey v. Clark, 86 U.S.App.D.C. 137, 143, 180 F.2d 766, 772.

 The second count sought damages for alleged fraud and deceit by defendant in concealing from the owners and sellers that plaintiff was the procuring cause of the purchase by defendant; but the allegations of this count if true make out no legal obligation on defendant's part. We agree that this count was properly dismissed on motion.

Affirmed.

Joseph J. WINEBURGH, Appellant,

v.

Bertha K. MEYER et al., Trading as Theodore Meyer Estate, Appellees.

No. 12138.

United States Court of Appeals, District of Columbia Circuit.

Argued March 23, 1955.

Decided March 31, 1955.

Mr. H. Clifford Allder, Washington, D. C., with whom Mr. Charles E. Ford, Washington, D. C., was on the brief, for appellant.

Mr. Philip W. Amram, Washington, D. C., for appellees.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

PER CURIAM.

This appeal is from a judgment of the District Court granting a permanent injunction restraining appellant *inter alia* from serving, or being connected with another who serves, various named and certain described customers of appellees who had been using appellees' services for the extermination and control of pests. The injunction followed findings of fact by the District Court that appellant, after his employment by appel-