**GEORGE P. CONVERSE & CO., Inc.,**
**and Harry F. Waters**

v.

**POLAROID CORPORATION and The**
**Dobeckmun Company.**

**No. 55–565.**

United States District Court
D. Massachusetts.

June 1, 1956.

Arthur D. Thomson, Boston, Mass., John H. Glaccum, New York City, of counsel, for plaintiff.

Albert L. Ely, Jr., Cleveland, Ohio, Brown & Mikulka, Cambridge, Mass., Donald L. Brown, Cambridge, Mass., of counsel, for defendant.

ALDRICH, District Judge.

In this action for infringement of a container patent, Waters, No. 2,278,502, issued April 7, 1942, defendants move for summary judgment. They previously moved to dismiss on the ground of lack of infringement, but I found there was on that question a possible issue of fact. D.C., 136 F.Supp. 912. The present motion, accompanied by copies of a number of prior and other roughly contemporaneous patents, is based on the contention that plaintiffs' patent is void for lack of invention.

While defendants furnish what I have come to expect as the customary seller's talk on the scope and effect of the prior art, it seems apparent even when their position is reduced to size that plaintiffs are in considerable trouble. They have filed nothing tangible in reply. In their

**632**

brief their argument to dissipate the effect of defendants' showing is that motions for summary judgments of invalidity are improper, and that expert testimony is essential—the inevitability of which I had rejected at the pretrial, as to which I have been confirmed within the month. Vermont Structural Slate Co., Inc., v. Tatko Bros. Slate Co., Inc., 2 Cir., 233 F.2d 9. At the hearing plaintiffs stated that there were genuine issues of fact, but when invited to disclose them, mentioned but one—that plaintiffs obtained liquid-proof seams by fusion rather than by sealing. I must say that the difference between sealing and fusion of coated or multiply materials seems to me only one of degree, and that I find it difficult to regard the progress from one to the other, in an essentially mechanical patent, as distinguished, possibly, from a chemical one, as invention at all. But if it were invention, comparable fusion, as defendants point out, is specifically referred to in Becker, No. 1,-953,097, issued April 3, 1934. See also Conley, No. 1,433,800, issued October 31, 1922.

It appears to be common ground that this case would take a week or more to try in its various components. Where defendants disclosed some half dozen patents which seem to me on examination to cover, at least collectively, substantially every element of plaintiffs' claims, and plaintiffs file no affidavits as to testimony, expert or otherwise, and make only a pro forma argument, I will not presume that an issue of fact exists where none is apparent. See Brisk Waterproofing Co. v. A. Belanger & Sons, 1 Cir., 209 F.2d 169, 173.

Defendants' motion allowed, and complaint dismissed.