GEORGE P. CONVERSE & CO., Inc., et al., Plaintiffs, Appellants,

v.

POLAROID CORPORATION et al., Defendants, Appellees.

No. 5150.

United States Court of Appeals First Circuit.

March 13, 1957.

117

Arthur D. Thomson, Boston, Mass., John H. Glaccum, New York City, on the brief, for appellants.

Albert L. Ely, Jr., Cleveland, Ohio, Donald L. Brown and Brown & Mikulka, Cambridge, on the brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Massachusetts, entered on June 5, 1956, dismissing plaintiffs' complaint in an action for infringement of a patent upon defendants' motion for summary judgment.

By a complaint filed on June 24, 1955, and later amended, plaintiffs-appellants, George P. Converse & Co., Inc. and Harry F. Waters, brought suit against the defendants-appellees, Polaroid Corporation and the Dobeckmun Company,[1] alleging

1. Although plaintiffs' amended complaint does not expressly mention Dobeckmun, it is clear that Dobeckmun had intervened as a defendant prior to the filing of the

that defendants were infringing Letters Patent No. 2,278,502, issued to Waters on April 17, 1942. Converse's interest in the action arose from a written agreement with Waters whereby it was given exclusive right to grant licenses under said Letters Patent and to bring suit to enforce same. The plaintiffs sought: (1) a preliminary as well as a final injunction restraining defendants from infringing the Letters Patent; (2) damages for the use and sale of articles embodying the improvements claimed in the Letters Patent. It was agreed by stipulation of the parties that at the trial plaintiffs would rely on the first four of six claims in the aforementioned patent.[2]

The defendants in their answer alleged, on various grounds, that plaintiffs' Letters Patent No. 2,278,502 was invalid and void. Included in the answer was a list of prior patents, which, defendants alleged, contained plaintiffs' invention or a description thereof. Dobeckmun also filed a counter-claim alleging that plaintiffs had threatened it and its customers with suits charging infringement of the patent in issue and praying that plaintiffs be preliminarily and perpetually enjoined from making such threats and that it be allowed to recover damages for such unfair competition by plaintiffs.

Turning to the actual patent in issue, Waters on July 18, 1936 filed an application which on April 7, 1942 resulted in Patent No. 2,278,502 for a container and package, especially suitable for the packaging of liquids and normally damp or wet commodities such as sauerkraut and the like. A description of the container and package patented is contained in a typical claim which reads as follows:

"4. A plural ply open-mouthed bag comprising an inner ply of heat fusible material and an outer ply of other flexible material, said inner ply having an interior of integral nature with all of its seams formed by fu-

sion, at least one of said fused seams extending longitudinally of the bag and formed by face to face fusion of marginal regions of the inner surface of said inner ply, and being faced on both sides by the outer ply secured thereto."

The alleged infringement generally stemmed from defendants' making, using and selling certain sheet material, and open envelopes made of the same sheeting, to package film. This sheeting, sold by Dobeckmun to Polaroid, was made up of foil laminated on one side to paper and coated on the other side with polyethylene, a thermoplastic waxy material which renders the coated surface heat-sealable. The plaintiffs charged in their complaint that defendants' above articles embodied the invention set forth in plaintiffs' patent.

The defendants first moved to dismiss plaintiffs' complaint on the ground of lack of infringement, but the district court denied the motion finding that there was on that question a possible issue of fact. George P. Converse & Co. v. Polaroid Corporation, D.C.D.Mass. 1955, 136 F.Supp. 912. Next, the district court held a pre-trial conference, at which time the parties were informed that the court was prepared to consider the subject matter involved in the patent on a motion for summary judgment.

After the pre-trial, the defendants did file a motion for summary judgment. This motion, accompanied by copies of a number of prior and other roughly contemporaneous patents, was based on the contention that plaintiffs' patent was void for lack of invention.

The plaintiffs filed no affidavits, expert or otherwise, in opposition to defendants' showing of invalidity. Rather, plaintiffs confined their argument to the issues that a motion for summary judgment on the invalidity of a patent was improper and that expert testimony was

---

amended complaint and that Dobeckmun later joined Polaroid in answering the complaint.

2. A Commissioner for the United States

Court of Claims, in a report filed February 21, 1956, found the last two claims, 5 and 6, of the Waters patent invalid over prior art.

essential. Moreover, the district court [141 F.Supp. 632] states, in its opinion, that at the hearing plaintiffs maintained "that there were genuine issues of fact, but when invited to disclose them, mentioned but one—that plaintiffs obtained liquid-proof seams by fusion rather than by sealing."

As to this latter issue of fact, the district court concluded:

" * * * I must say that the difference between sealing and fusion of coated or multiply materials seems to me only one of degree, and that I find it difficult to regard the progress from one to the other, in an essentially mechanical patent, as distinguished, possibly, from a chemical one, as invention at all. But if it were invention, comparable fusion, as defendants point out, is specifically referred to in Becker, No. 1,953,097, issued April 3, 1934. See also Conley, No. 1,433,800, issued October 31, 1922."

It further found that certain prior patents submitted by defendants, "at least collectively," covered substantially every element of plaintiffs' claims, and, accordingly, dismissed the complaint on June 5, 1956.

On June 28, 1956 plaintiffs filed a petition for rehearing of the motion for summary judgment, based on an affidavit of Waters wherein he attempted to distinguish the prior patents and to establish the validity of his own. The district court denied the petition for rehearing, stating that "[i]t sets forth nothing that was not known to the plaintiff well prior to May 29." (The date of the hearing on the motion for summary judgment.)

Notice of appeal was filed by the plaintiffs on July 3, 1956. Subsequently, the defendants filed in this court a motion to remand the case to the district court for a certification under Fed.Rules Civ.Proc. 54(b), 28 U.S.C.[3] This motion was denied on August 3, 1956.

■ Primarily, we note that this court has jurisdiction of appeals from "the district courts of the United States, * * * granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be held in the Supreme Court." 62 Stat. 929 (1948), as amended, 28 U.S.C. § 1292(1) (1952). And where the jurisdiction of this court is based on § 1292 (1) a certificate under Rule 54(b) is not required, notwithstanding that the district court only directs the entry of final judgment upon less than all of the claims presented by the action. Hook v. Hook & Ackerman, Inc., 3 Cir., 1956, 233 F.2d 180, certiorari denied 1957, 352 U.S. 960, 77 S.Ct. 350, 1 L.Ed.2d 325; Cutting Room Appliances Corp. v. Empire Cutting Machine Co., 2 Cir., 1951, 186 F.2d 997. Contra, Packard Motor Car Co. v. Gem Mfg. Co., 7 Cir., 1950, 187 F.2d 65, certiorari granted 1951, 341 U.S. 930, 71 S.Ct. 803, 95 L.Ed. 1360, dismissed per stipulation, 1951, 342 U.S. 802, 72 S.Ct. 92, 96 L.Ed. 607.

■ In the instant case plaintiffs in their complaint prayed for an injunction as well as other relief. The district court by dismissing the complaint, implicitly denied plaintiffs an injunction against defendants' alleged acts of infringement. Such denial of injunctive relief falls within the purview of § 1292(1) and, as

---

3. "Rule 54. *Judgments; Costs*
    *     *     *     *     *

"(b) *Judgment Upon Multiple Claims.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims. As amended Dec. 27, 1946, effective March 19, 1948."

discussed above, is appealable notwithstanding that the district court neither decided defendant Dobeckmun's counterclaim nor entered a Rule 54(b) certification. We read nothing to the contrary in either Sears, Roebuck & Co. v. Mackey, 1956, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 or Cold Metal Process Co. v. United Engineering & Foundry Co., 1956, 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311.

Directing our attention to the merits, it seems there are two questions presented on appeal: (1) did the district court, on the facts of this case, err in finding on a motion for summary judgment that plaintiffs' patent presented no invention over prior art; (2) did the district court err in refusing to entertain plaintiffs' petition for rehearing supported by an affidavit containing expert testimony.

■ We hold that a district court can use summary judgment procedure in determining the validity of a patent where, as here, the issue is the invention, if any, over the prior art and "[t]he prior art and the patent claims are, without expert aid, easily understandable by anyone of the most modest intelligence." Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 2 Cir., 1956, 233 F.2d 9, 10, certiorari denied 1956, 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123. See Brisk Waterproofing Co. v. A. Belanger & Sons, 1 Cir., 1954, 209 F.2d 169. Of course, as the Tatko case, 233 F.2d at page 10, points out, in doing so "a judge should exercise unusual caution," for, "[i]n many a patent suit, there arise issues of fact as to which the testimony of expert witnesses" in the setting of a "live trial" may be important. See American Optical Co. v. New Jersey Optical Co., D.C.D.Mass.1944, 58 F.Supp. 601.

However, there is no such issue in the instant case. Plaintiffs' invention, in essence, merely involves a multi-layer material, comprised of a fusible inner layer and a flexible outer layer. The two layers, which are of equal size and held together by an adhesive, are made into an open-mouthed bag, first by vertically folding the material, see Fig. 1 of the Waters patent, so as to bring the inner layer of fusible material of one vertical edge in contact with the inner layer·of fusible material of the other vertical edge, see Figs. 3 and 4 of the Waters patent, and second by applying heat and pressure or heat alone to fuse these vertical edges. Next, the bottom and top edges are fused by application of heat and pressure or heat alone, see Fig. 6 of the Waters patent.

■ We believe this structure, as well as the prior patents, discussed below, submitted to the court by the defendants involving substantially the same type of structure, was understandable by the district court without the oral testimony of expert witnesses. If the plaintiffs thought some area of the patent was beyond the district judge's comprehension, or that some issue of fact existed, they should have submitted affidavits to that effect in answer to defendants' motion for summary judgment. This they did not do until approximately a month after the motion for summary judgment was heard. In the absence of such affidavits, the lower court correctly found, on the basis of the pleadings and the prior patents, that no genuine issue of material fact existed.

Moreover, we agree with the lower court that the prior patents of Conley, No. 1,433,800, for Method of Sealing Foil and Foil Package, issued October 31, 1922 and Becker, No. 1,953,097, for Method of Packaging Articles, issued April 3, 1934, substantially anticipate the claims of plaintiffs' patent. For example, the Conley patent involves a multi-layer material, comprised of a fusible inner layer of foil and a flexible outer layer of paper. The two layers, which are of irregular size, see Fig. 3 of the Conley patent, are made into an open-mouthed package, first by horizontally folding the material, see Figs. 3 and 4 of the Conley patent, so as to bring the inner layer of fusible material of the front vertical edges in contact with the back vertical edges, and second by

folding these edges vertically, see Fig. 4 of the Conley patent, so that the overlapping vertical paper edges may be folded over the fusible edges of foil, see Fig. 5 of the Conley patent. Finally, the vertical edges of foil are fused by the application of heat against the paper adjacent to these edges, and the overlapping paper edges are sealed. The above structure, with slight variations in method, is also involved in Figs. 6 through 17 of Conley's patent.

It seems to us, as apparently it did to the district court, that Conley's patent substantially anticipates the Waters claims. Looking at the claims alone in the Waters and Conley patents the only difference that appears is that Waters accomplishes face to face contact of the vertical edges by folding back one edge upon itself, see Figs. 3 and 4 of the Waters patent, while Conley arrives at this same result by folding the vertical edges once over vertically, see Figs. 4 and 5 of the Conley patent. While we do not think this alone would constitute invention, if it did it would be anticipated by the Becker patent where fusion is brought about by substantially the same fold as that of Waters, see Figs. 6 and 8 of the Becker patent.

When we consider the specifications of the Waters patent, in addition to the claims, there arises a further difference between it and the Conley patent. Waters' patent in the specifications states that the inner fusible substance of his open-mouthed bag may be either a coating of fluidproof, thermoplastic material or a sheet of Pliofilm laminated to paper while Conley provides for an inner fusible layer of foil. This difference in the materials used for the inner layer cannot render the Waters' patent valid since his patented structure is otherwise substantially the same as that of Conley. Thermoseal Products v. Larus & Bro. Co., 4 Cir., 1953, 202 F.2d 698. See Hotchkiss v. Greenwood, 1850, 11 How. 248, 52 U.S. 248, 13 L.Ed. 683. To the extent that the specifications of Waters provide for a coating instead of a separate inner layer, we note that a coating of thermoplastic material, similar to that suggested by Waters, is disclosed in the Calvert patent, No. 2,273,560, for Method of Coating, issued February 17, 1942, on an application filed November 4, 1933.

In view of the teachings of the aforementioned patents, we believe that the plaintiff, Waters, provided no final step that proved the difference between success and failure as was the case in Lincoln Stores v. Nashua Mfg. Co., 1 Cir., 1946, 157 F.2d 154, certiorari denied 1947, 329 U.S. 811, 67 S.Ct. 623, 91 L.Ed. 692, and that Waters' "structure cannot be held to rise to the dignity of invention." Thermoseal Products v. Larus & Bro. Co., supra, 202 F.2d at page 700.

The last point in the case, which merits but brief attention, is that plaintiffs in their "questions presented" stated, "Was the court below in error in refusing to entertain plaintiffs-appellants' petition for rehearing supported by an affidavit containing expert testimony?" Having asked this question, the plaintiffs do not urge it in their brief. Under such circumstances we could presume that they do not intend to rely on this contention. Nonetheless, we note that plaintiffs' petition for rehearing, made approximately one month after judgment was rendered on defendants' motion, was untimely, and, further, the district court did not abuse its discretion in refusing to entertain the petition in view of the fact that the supporting affidavit did not contain anything not known to the plaintiffs prior to the hearing on the motion for summary judgment.

Since the district court properly refused to entertain this petition, we cannot consider plaintiffs' contention, presented for the first time in Waters' affidavit in support of the petition for rehearing, that Conley's patent was commercially inoperative. We note, however, that even if plaintiffs' claim of commercial success, assuming it were true, had been before the court, it, alone,

could not impart patentability to their claims which define nothing but that which was manifestly old in the art. See McCord Corp. v. Beacon Auto Radiator Co., 1 Cir., 1952, 193 F.2d 985; Vermont Structural Slate Co. v. Tatko Bros. Slate Co., supra.

A judgment will be entered affirming the judgment of the district court.