John JOHNSTON and Kathryn Johnston, Plaintiffs,

v.

Isadore RODIS, Defendant.
Civ. A. No. 1936-55.

United States District Court
District of Columbia.
May 23, 1957.

Arthur V. Butler and J. Joseph Barse, Washington, D. C., for defendant, for the motion.

Cornelius H. Doherty, Washington, D. C., for plaintiffs, opposed.

HOLTZOFF, District Judge.

The question presented by the defendant's motion for summary judgment is whether the doctrine of *res ipsa loquitur* applies in a suit for malpractice against a physician or surgeon.

This action is brought by a husband and wife to recover damages for personal injuries claimed to have been sustained by the latter as a result of an electro-shock treatment administered by the defendant, who is a psychiatrist.

It was stipulated at the pretrial hearing that the female plaintiff was a patient of the defendant, and that he recommended and administered shock treatments to her, during which one of her arms was fractured. The plaintiffs further claim that the defendant had previously represented to them that this procedure would be perfectly safe, but the defendant denies that he made such a statement. At the pretrial hearing the plaintiffs asserted a right to recover on two theories: first, for breach of warranty; and, second, for negligence, solely, however, on the basis of *res ipsa loquitur*. No specific negligence is charged. The defendant then moved for summary judgment on the basis of the stipulations made and the issues so formulated in the pretrial order. The matter is now before the Court on this motion.

From the pretrial order it appears that the plaintiffs make no charge of specific negligence and will not offer evidence of any, but will rest on the stipulated facts and in addition on testimony to the effect that the defendant stated that the treatments were safe. They contend that they are entitled to have the issues submitted to the jury on the theory of *res ipsa loquitur*. The question then arises whether at the close of the plaintiff's case a verdict should be directed in the defendant's favor. If so, the motion for a summary judgment should be granted, as it is well settled that such a motion lies on behalf of the defendant, if on the undisputed facts a verdict would be directed in his favor at the trial.[1]

The general principles of law governing the liability of physicians and surgeons for negligence, are well settled. A physician or surgeon is obligated to exercise the degree of care and skill that is ordinarily employed by members of the profession in the same line of practice in his own or similar localities. Failure to use such care or skill constitutes negligence. On the other hand, he is not an insurer of health or a guarantor of results. He undertakes only to abide by the prevailing standards and to utilize the skill possessed generally by others practicing in his field and to accord the care that they would ordinarily extend in similar circumstances. He must have latitude for the exercise of reasonable judgment, and is not liable for a mere error in his decisions. A patient who claims to have been injured by his negligence, has the burden of proving by a preponderance of the evidence that the

1. Dewey v. Clark, 86 U.S.App.D.C. 137, 143, 180 F.2d 766; Jeffress v. Weitzman, 95 U.S.App.D.C. 261, 221 F.2d 542; Fishman v. Teter, 7 Cir., 133 F.2d 222.

defendant departed from the applicable standards or was unskillful or negligent. Sweeney v. Erving, 35 App.D.C. 57, 61, 43 L.R.A.,N.S., 734, affirmed 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815; Rodgers v. Lawson, 83 U.S.App.D.C 281, 170 F.2d 157.

 On the other hand the doctrine of *res ipsa loquitur* permits a rebuttable inference of negligence to be drawn from the mere occurrence of an accident and the resulting injury. A *prima facie* case is thereby established to be submitted to the jury,[2] without other proof of negligence. This doctrine is, however, generally restricted to cases of injuries inflicted by a mechanical apparatus or some other inanimate object within the defendant's exclusive control. It does not ordinarily apply to cases of injuries caused by the careless act or thoughtless omission of a human being. It follows, hence, that there is no sound basis for extending it to actions for negligence against a member of a learned profession. To do otherwise would practically require him to guaranty success in every case. Such a course would be contrary to the principles of fairness to the professions and against the best interests of the public. It would cast an undue burden on the medical profession and might place every doctor on the defensive against any disgruntled patient whom he has failed to cure. Consequently, the doctrine of *res ipsa loquitur* may not be invoked in an action for malpractice against a physician or surgeon.

This rule was well summarized by Circuit Judge Taft (later Chief Justice of the United States) in Ewing v. Goode, C.C., 78 F. 442, 443:

"A physician is not a warrantor of cures. If the maxim, 'Res ipsa loquitur,' were applicable to a case like this, and a failure to cure were held to be evidence, however slight, of negligence on the part of the physician or surgeon causing the bad result, few would be courageous enough to practice the healing art, for they would have to assume financial liability for nearly all the 'ills that flesh is heir to.'"

This principle has been approved and applied in the District of Columbia. Thus in Sweeney v. Erving, 35 App.D.C. 57, 61, 43 L.R.A.,N.S., 734, affirmed 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815, Mr. Justice Robb wrote as follows:

"It is well settled that the degree of skill and learning which a physician or surgeon is required to possess and exercise is that degree of skill and learning ordinarily possessed and exercised by members of his profession in the same line of practice in that locality.

\* \* \* \* \* \*

"Generally speaking, no inference of negligence can be drawn from the result of the treament of a physician or surgeon. In the absence of special contract they are not insurers, and there must be evidence of negligence by witnesses qualified to testify."

In that case the patient was burned in the course of the operation of an X-ray apparatus by a physician, and sued for damages. The Court held that the doctrine of *res ipsa loquitur* did not apply, and that no inference of negligence could be drawn from the fact that the plaintiff suffered a burn in the course of the treatment.

 Such is likewise the rule in Maryland, through which the District of Columbia derives its common law. The latest expression of the highest court of that State on this point is found in Bettigole v. Diener, 210 Md. 537, 541, 124 A.2d 265, 267, and reads as follows:

"It is clear under the Maryland authorities that in an action for malpractice the burden of proof is upon the plaintiff to show a want of proper knowledge and skill \* \* \* The doctrine of *res ipsa loquitur* does not apply. Negligence

2. Sweeney v. Erving, 228 U.S. 233, 240, 33 S.Ct. 416, 57 L.Ed. 815; Capital Transit Co. v. Jackson, 80 U.S.App.D.C. 162, 149 F.2d 839, 161 A.L.R. 1110.

cannot be inferred from the occurrence alone."

In that case a facial paralysis developed after a mastoid operation. In a suit brought against the surgeon based on this fact, the court held that the doctrine of *res ipsa loquitur* did not apply, and sustained the ruling of the trial court directing a verdict in favor of the defendant.

In Ayers v. Parry, 192 F.2d 181, 185, the Court of Appeals for the Third Circuit, in applying the law of New Jersey, held that the doctrine of *res ipsa loquitur* was not suitable in a malpractice case. There a patient who underwent an operation for an obstruction in the bile duct and sustained a permanent, partial paralysis of one leg as a result of the administration of an anesthetic, was deemed not entitled to recover on the basis of *res ipsa loquitur*. The Court sustained the action of the trial judge in directing a verdict in favor of the defendant. The same result has been reached in many other cases, too numerous to discuss at length.[3]

This principle has been specifically applied to the state of facts involved in the case at bar, namely, a bone fracture sustained during the administration of a shock treatment for a mental disorder.

Thus, in Farber v. Olkon, 40 Cal.2d 503, 254 P.2d 520, the plaintiff sustained a broken leg while undergoing an electro-shock treatment. The Supreme Court of California affirmed the determination of the trial judge that the plaintiff was not entitled to the benefit of the doctrine of *res ipsa loquitur* and a direction of a verdict in favor of the defendants.

In Quinley v. Cocke, 183 Tenn. 428, 192 S.W.2d 992, the plaintiff's hip was fractured during the administration of an electro-shock treament. Again the Court held that the doctrine of *res ipsa loquitur* did not apply and sustained the ruling of the trial judge directing a verdict in favor of the defendant.

The only exception to the principle that the doctrine of *res ipsa loquitur* may not be invoked in actions for malpractice, consists of cases where the undesirable result is such that it is evident even to a layman and could not have occurred except for the doctor's negligence, as, for instance, when a foreign object is left in a wound after an operation.[4] Obviously the case at bar is not within this narrow group.

It follows hence that since it appears from the pretrial order that the plaintiffs' reliance is on the doctrine of *res ipsa loquitur*, the defendant would be entitled to a directed verdict in his favor at the close of the plaintiffs' case. But little need be said concerning the contention that the plaintiffs may recover for breach of warranty. An expression of opinion on the part of a physician that a particular course of treatment is safe, does not constitute a warranty, and does not increase his liability in any degree. As has been discussed in this opinion, he is answerable only for negligence.

Since on the issues as framed, a verdict should be directed in favor of the defendant at the close of the plaintiffs' case, the defendant's motion for summary judgment is granted.

3. Engelking v. Carlson, 13 Cal.2d 216, 88 P.2d 695 (nerve in leg severed during an operation); Farber v. Olkon, 40 Cal.2d 503, 254 P.2d 520, 524; Sanders v. Smith, 200 Miss. 551, 27 So.2d 889 (death shortly after a tonsillectomy); Quinley v. Cocke, 183 Tenn. 428, 192 S.W.2d 992; Nelson v. Murphy, 42 Wash.2d 737, 258 P.2d 472.

4. E.g. Nelson v. Murphy, 42 Wash.2d 737.