**Bernard GLAGOVSKY**

v.

**BOWCRAFT TRIMMING CO., a partnership, Jack Kowal, Sol Kowal, Charles Kowall, Murray Kowal and Samuel Trusten.**

Civ. A. No. 57–1117.

United States District Court
D. Massachusetts.

Aug. 20, 1958.

David Rines, Robert H. Rines, Rines & Rines, Boston, Mass., for plaintiff.

Phillip J. Nexon, Goulston & Storrs, Boston, Mass., for defendants.

ALDRICH, District Judge.

This is an action for infringement of Patent No. 2,792,656 in which both parties move for summary judgment. Neither questions the appropriateness of the procedure, George P. Converse & Co. v. Polaroid Corp., 1 Cir., 242 F.2d 116, but they dispute the conclusions to be drawn.[1] The record is quite full, and I believe no useful purpose would be served by summarizing it all. The alleged invention consists of a small multi-pronged, ornamental stud, with an integral, peripheral ring or hook. The purpose of the prongs is to affix the stud to ladies' shoes or other articles which it is desired to decorate, and of the ring or hook to permit other decorative objects to be suspended from the stud in such a way that these latter ornaments will dangle loosely from the shoe, rather than be rigidly attached. Ladies appear to like this. ("With rings on her fingers and bells on her toes * *." Mother Goose.) Plaintiff received his patent, with seemingly no great difficulty, on May 21, 1957. In the past two years his article has shown its usefulness and has enjoyed some measure of commercial success. Defendants' product is a clear, or patent if I may be forgiven, imitation.[2] Its defense is invalidity.

No such article has ever previously been patented or manufactured for this precise purpose. Admittedly, the device is simple. Defendants say it is obvious. Plaintiff cautions me, as every patent judge who ever lived has been cautioned, against Monday-morning-quarterbacking. So general is this advice that sensitive judges may well hesi-

---

1. On the issue passed upon in this opinion there is no disputed testimony, and the parties have stated that nothing further would be offered in case of trial.

2. Plaintiff describes it as a Chinese copy,

an improper use of the term, as I believe a Chinese copy is one including unwanted imperfections and no one suggests any here.

266

tate to find even the most obvious to be obvious. I am not so troubled.

There is nothing new about ornamental studs attached by prongs, as such. Plaintiff's specifications contain no limitations as to the shape or composition (other than that they be integral) of the prongs. The only asserted invention is the inclusion of a peripheral, integral ring or hook. This is a mechancial, not a design, patent. Once it has been determined that women [3] would like both studs and dangling objects on their shoes, it does not seem to me to require inventive genius to include on the stud a ring or hook to unite the two of them, any more than it does to add a hook to a breast-pin from which to suspend doo-dads, or eye-glasses, or, if you are an aborigine, to make a hole in your nasal cartilege from which to hang a ring. Perhaps this last is an overstatement, but I note that as early as Wardner, No. 1,247,912, Nov. 27, 1917, the "ornamental vault," to use plaintiff's description of the head of a stud, was designed with an integral peripheral hook for the suspension of other objects.[4] Plaintiff seeks to distinguish Wardner on the ground that its purpose was principally utilitarian and only incidentally ornamental, but I am not impressed by such a difference of degree.[5] Nor, in the light of the art subsequent to Wardner should it be material that the Wardner "vault" was attached to the primary surface by a single spike or nail and plaintiff's by prongs.

In short, in spite of whatever presumption plaintiff may be entitled to from the issuance of the patent,[6] I am unable to perceive invention. Defendants' motion for summary judgment is granted. It follows that plaintiff's must be denied.

---

3. And "some foolish men" (plaintiff's deposition).

4. See, also, Reynolds, No. 460,161, Sept. 29, 1891. I do not pass on the validity of plaintiff's distinction that in Reynolds the ring was used to suspend the vault itself, rather than to suspend something from the vault, but Reynolds is another illustration of the fact there is nothing novel about an integral ring for attachment purposes.

5. It is also a dangerous argument for plaintiff to make, because some of his contentions suggest that the stud with ring is invention for the very reason that it serves the utilitarian purpose of attaching light dangling ornaments. Plaintiff also suggests that Wardner was inoperative and abandoned. If that was so it apparently was only because Wardner lacked strength for its anticipated utilitarian aspect which plaintiff does not require.

6. I believe the Examiner concerned himself with distinguishing certain earlier patents, as to which, strictly, I might be inclined to agree with him (noting, however, that Wardner was not cited), and failed to see the woods for the trees.