Ellis R. FELDMAN, d/b/a Lawrence
Plastic Container Company,
Plaintiff,

v.

Jordan BIRGER and Marvin Birger,
d/b/a Orkney Associates,
Defendants.

Civ. A. No. 60–809–C.

United States District Court
D. Massachusetts.

May 9, 1962.

Stuart DeBard, Weston, Patrick & Stevens, Boston, Mass., for plaintiff.

Albert R. Mezoff, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is an action of contract which is before the Court on defendants' motion for summary judgment and on plaintiff's motion for summary judgment as to defendants' counterclaim.

The plaintiff, Ellis R. Feldman, doing business as Lawrence Plastic Container Company, is a resident of Philadelphia, Pennsylvania, where he has his place of business. The defendants, Jordan Birger and Marvin Birger, co-partners doing business as Orkney Associates, are residents of Massachusetts with a usual place of business in Cambridge. Jurisdiction of this Court is based on diversity of citizenship and an allegation that damages exclusive of interest and costs exceed $10,000.

The defendants' motion for summary judgment is based on the pleadings, cross-interrogatories and answers thereto, and the affidavit of Jordan Birger filed in support of the motion. Plaintiff's motion is based on "the three depositions and the pleadings including the reply of defendants' Counterclaim."

It appears that on December 12, 1958, plaintiff and defendants executed a contract (copy of which marked "A" is appended to and incorporated in the complaint), by the terms of which defendants were made

"the exclusive selling agent for the plastic squeeze bottles, related to the housewares field now being manufactured by LAWRENCE, and * * the exclusive selling agent for all other houseware items or items related to the houseware field which may be developed and/or manufactured by LAWRENCE for the territory as set forth in Schedule 'A'."

Schedule "A" defines the territory as comprising New England, New York, New Jersey, Pennsylvania, Maryland, Delaware, and Washington, D. C. Amendment No. 1 to Schedule "A" provided that defendants were exclusive agents for plaintiff in all 48 States until June 1, 1959, and thereafter only if a certain contingency occurred. It is undisputed that the contingency did not occur, so that from and after June 1, 1959, defendants' exclusive agency was operative only in the States listed in the first sentence of this paragraph. As will appear subsequently in this Opinion, the time period crucial to the decision in this case is well after June 1, 1959.

The contract required plaintiff to pay defendants a ten per cent commission on all completed sales on the 10th day following the month in which goods were shipped. It provided that it is the entire agreement between the parties, that there are no other verbal agreements, and that "this contract is deemed to be mutually exclusive on all blow-molded housewares produced by LAWRENCE. ORKNEY shall handle no competing plastic blow-molded lines and LAWRENCE shall consider ORKNEY as exclusive sales agents as set forth above." The contract remained in force and effect until August of 1960, when it was terminated upon mutual agreement of the parties.

In the amended complaint plaintiff charges that defendants, during the calendar year 1960, represented other manufacturers selling plastic blow-molded lines of houseware items; manufactured and sold on their own account through companies controlled by them competing plastic blow-molded lines of houseware items; sold through agents engaged by them competing plastic blow-molded lines of houseware items; and failed to exercise their best efforts to be the exclusive selling agent for plaintiff for his line of plastic blow-molded houseware items. Plaintiff says that this activity resulted in large sales of merchandise to the Walgreen Drug Company and others which should have inured to plaintiff, whereby plaintiff was deprived of much business during the year 1960 and thereafter, to plaintiff's damage in the amount of $25,000.

Defendants, in their answer, challenge the fact that the jurisdictional amount is involved herein, charge plaintiff with

failure to perform his obligations under the contract, and deny the allegations of wrongdoing on their part summarized above. Defendants counterclaim for $3696.22, alleging that figure to be the unpaid balance of a judgment entered in Pennsylvania in favor of defendants in the amount of $4194.20, on the basis of a judgment note given by plaintiff to defendants by reason of commissions due and owing from plaintiff to defendants.

Plaintiff, in his answer to the counterclaim, admits the execution of the judgment note and entry of judgment on October 6, 1960; denies that all of the judgment debt is outstanding; requests an order directing that the Execution issued pursuant to the Pennsylvania judgment be filed with the papers in the instant case; and prays for an injunction against defendants' levying Execution upon the Pennsylvania judgment.

■ A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. may not be allowed if there exists as between the parties a genuine issue of a material fact. The formalities of the pleadings cannot substitute for the need of real or genuine issues, however, and the Court may look beyond the pleadings to determine whether a genuine issue actually exists. Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F. 2d 766, 772 (1949); Orvis v. Brickman, D.C., 95 F.Supp. 605, 607 (aff'd 90 U.S. App.D.C. 266, 196 F.2d 762 (1952)); United States v. Kansas Gas and Electric Co., 287 F.2d 601, 603 (10 Cir. 1961). An issue of fact cannot be presumed when none is apparent. Converse & Company v. Polaroid Corporation, 141 F. Supp. 631, 632 (D.Mass. 1956). See, also Brisk Waterproofing Co. v. A. Belanger & Sons, 209 F.2d 169, 172 (1 Cir. 1954). If the interrogatories and affidavits of the parties set forth the factual basis of plaintiff's claim with sufficient clarity, and if it is apparent that no factual issue exists which would justify the Court's refusing to direct a verdict, on that claim, then defendant upon motion for summary judgment is entitled to prevail as a matter of law. Jeffress v. Weitzman, 95 U.S.App.D.C. 261, 221 F.2d 542 (1955).

■ In order to recover in the instant case plaintiff must prove that there has been either a breach by defendants of some material part of the contract between the parties or a breach by defendants of a fiduciary relationship with the plaintiff.

The record in this case establishes that plaintiff seeks to fasten liability upon the defendants solely by reason of sales made to Walgreen Drug Company, Chicago, Illinois, by J. & H. Sales Company, Chicago, and by reason of sales to Shoppers' World, Chicago. For this to amount to the establishment of wrongdoing on the part of defendants, it must first appear that sales of products other than plaintiff's by defendants in the Chicago area were proscribed by their contract, and, secondly, that such sales were in fact made by defendants or by persons acting on their behalf.

With regard to the question of sales by defendants, or by persons acting on their behalf, of blow-molded plastic houseware items made by competitors of plaintiff, the cupboard is bare. On this point the record indicates that the defendant Marvin Birger, under oath, said in answer to plaintiff's Interrogatory No. 8, "The defendants had no business connection, direct or indirect, with J. & H. Sales Company of 75 East Wacker Drive, Chicago, Illinois." He said in answer to plaintiff's Interrogatory No. 14, "We never had any contact with the Walgreen account." And in answer to Interrogatory No. 15 he said, "We never had any connection with selling the Walgreen account for United Plastic Corporation or any other manufacturer."

The defendant Jordan Birger, in his affidavit filed in support of the motion for summary judgment, said:

"At the time the agreement was entered into between the parties, the plaintiff was informed and well knew that the defendants were sales representatives of the United Plastic Corporation and of other manufacturers

in certain designated areas of the country, none of which areas included Chicago or any part of the State of Illinois; further that the defendants never sold plastic houseware items of any kind to the Walgreen Drug Company, whose purchasing offices are in Chicago, Illinois, and that any selling of plastic blow-molded items by United Plastic Corporation to Walgreen Drug Company was accomplished by other sales representatives not connected with the defendants; that the benefit of any sales made by United Plastic Corporation to the Walgreen Drug Company did not in any form or fashion accrue to the defendants and had no connection with the defendants' business activities whatever.

" * * * that at no time did the defendants, or either of them, during the course of their business relationship with the plaintiff sell for the account of others any competing plastic blow-molded items or any other plastic items produced and made available for sale by the plaintiff."

■ Although it may not be necessary for a party opposing a motion for summary judgment to verify his pleadings by an affidavit, nevertheless, the fact that no counter-affidavit has been filed by plaintiff attempting to contradict the sworn and categorical denials in the affidavit of Jordan Birger, which has been on file since January 26, 1962, is not without significance on the state of this record. See Inglett & Co. v. Everglades Fertilizer Co., 255 F.2d 342, 348 (5 Cir. 1958).

The record throws considerable light on why no counter-affidavit was filed. In response to defendants' Interrogatory No. 10, "Set forth in detail the circumstances of how you determined that the defendants sold a plastic blow-molded line to Walgreen Drug Company and others," plaintiff answered, "Plaintiff contends that defendants, either through themselves or their agents, represented competing blow-molded plastic manufac-turers; plaintiff determined this situation by observation of goods offered for sale in Walgreen's Drug Stores and other retail stores in 1960 as well as by the listings of defendants in the Exhibitors Guide of the National Housewares Convention in Atlantic City, New Jersey, in July 1960."

■■ This speculation, contained in plaintiff's answer to defendants' Interrogatory No. 10, does not rise to the dignity of establishing an issue of fact. Belief or opinion alone, no matter how sincere it might be, is not the equivalent of personal knowledge, and only facts which are such as to be admissible in evidence, facts based on personal knowledge, may be set forth in an affidavit in opposition to a motion for summary judgment. Lark v. West, D.C., 182 F.Supp. 794, aff'd 110 U.S.App.D.C. 157, 289 F.2d 898 (1960). Plaintiff's speculative answer, referred to above, is totally insufficient to overcome the affirmative statements contained in Jordan Birger's affidavit and Marvin Birger's sworn answers to interrogatories.

Even assuming in plaintiff's favor the existence of a fact issue as to whether or not sales were made by defendants through the agency of the J. & H. Sales Company to Walgreen Drug Company and others in Chicago, plaintiff still must fail for such an issue would not be an issue of *material* fact. This is so because the contract clearly excludes the entire State of Illinois, including Chicago, from the compass thereof. Consequently, even if one were to assume that the defendants did sell to Walgreen in Chicago, there is nothing in the record before the Court to indicate any restriction on their right to do so.

Defendants' motion for summary judgment is allowed.

Plaintiff's motion for summary judgment on defendants' counterclaim is based upon the ground that defendants had violated their fiduciary duty to plaintiff under the agency contract between the parties. The findings of fact and conclusions of law set out above dispose

of this allegation of plaintiff in the negative. Plaintiff's motion for summary judgment on defendants' counterclaim is denied.

■ This leaves for decision defendants' counterclaim. In plaintiff's reply to defendants' counterclaim, plaintiff admits executing a judgment note in favor of defendants on July 5, 1960, in the amount of $4,194.20, payable on demand, in accordance with the laws of the Commonwealth of Pennsylvania, and plaintiff admits that on October 6, 1960 judgment was entered in the Municipal Court of Philadelphia in favor of the defendants and against plaintiff in the face amount of $3,696.20. Plaintiff does not concede that the entire amount of the Pennsylvania judgment is due and owing. Consequently, there remains in this case as a fact issue the question of the amount, if any, due and owing to the defendants by reason of the Pennsylvania judgment.

Unless the counterclaim by defendants is withdrawn a hearing will be held to determine the balance due on the Pennsylvania judgment.