**COLOURPICTURE PUBLISHERS, INC.,**
Plaintiff,

v.

**MIKE ROBERTS COLOR PRODUC-
TIONS, INC., Defendant.**

Civ. A. No. 66–819.

United States District Court
D. Massachusetts.

Sept. 8, 1967.

George L. Greenfield, Wolf, Greenfield & Hieken, Boston, Mass., for plaintiff.

Melvin R. Jenney, Kenway, Jenney & Hildreth, Boston, Mass., Edward B. Gregg, Gregg & Stidham, San Francisco, Cal., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action brought pursuant to the Patent Act of 1952, 35 U.S.Code § 271 et seq. Plaintiff is a corporation organized and existing under the laws of Massachusetts, with a principal place of business in Boston. Defendant is a corporation organized and existing under the laws of California, and has a regular and established place of business and is registered to do business in Massachusetts.

Plaintiff is the owner of United States Patent No. 3,259,304 (hereinafter '304), issued July 5, 1966, on the basis of an application "POSTCARDS" filed May 25, 1965 by Lawrence F. Tichnor and assigned by Tichnor to plaintiff prior to the filing of this action. Both plaintiff and defendant are now and have been for some years engaged in the manufacture and sale of postcards.

The matter came before the Court on the basis of the defendant's motion for summary judgment which asserts that the '304 patent is invalid for lack of invention, and upon the basis of plaintiff's motion for summary judgment seeking dismissal of defendant's counterclaim.

I. *Re Defendant's Motion for Summary Judgment*

Defendant's motion is supported by the following exhibits attached thereto:

A. Copy of the '304 patent.

B. Certified copy of the file wrapper and Patent Office file contents of the '304 patent.

C. Copy of the Haddan British patent No. 9023 issued in 1904, and cited by the Patent Office Examiner on page 15 of Exhibit B.

D, E, F, G. Examples of the prior art consisting of packets and strips of picture postcards.

Defendant in its motion for summary judgment requests the Court to take judicial notice, and it does, of the fact that the packets and strips of postcards of the general character of Exhibits D, E, F and G have been sold and used for many years prior to 1965. Included in the file is a stipulation that Exhibits D, E, F and G are, in fact, samples of devices which were on sale in this country more than one year prior to the 1965 filing date of the application for the '304 patent. The stipulation also provides that a folder entitled "FOLD-A-LETTER" and marked "Defendant's Exhibit H" is a product of plaintiff which was on sale in this country for more than one year prior to the filing date of the application for the '304 patent.

▇▇▇▇ On the basis of Exhibits D, E, F, G and H, I rule that the '304 patent is invalid under the provisions of 35 U.S. C.A. § 103 for lack of invention over the prior art. Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). An examination of plaintiff's alleged invention (Pl. Ex. 2) shows that it consists of nothing more than a glossy cardboard strip divided into six colored postcards, each detachable from the remainder at its perforated edges, together with a short additional strip utilized for the purpose of hanging it on a wall through the medium of an ordinary round hole punched therein. There is no invention in using a punched hole to hang a piece of paper on a wall. The Court will judicially notice that calendars have been affixed to walls for a great many years through the medium of a punched hole in the top portion thereof. There is likewise no invention in having space for advertising material at the top or elsewhere on the strip, since it is a matter of common knowledge susceptible of judicial notice that innumerable calendars, and other cardboard display pieces suitable for wall hanging, such as high and low tide tables, local fire alarm listings, and athletic team schedules, to name but a few, have had advertising material imprinted on them for a great many years. No expert testimony is necessary to compare the various exhibits before the Court on this motion and to determine the lack of invention, within the meaning of 35 U.S. C.A. § 103, on the basis of which defendant's motion for summary judgment must be granted. George P. Converse & Co. v. Polaroid Corp., 242 F.2d 116, 120 (1st Cir. 1957); Glagovsky v. Bowcraft Trimming Co., 267 F.2d 479 (1st Cir. 1959).

It is not without significance that on January 24, 1966 the Patent Office acted on the Tichnor application filed May 25, 1965 and the action consisted of a denial by the Patent Office Examiner of all six claims of that application. Defendant's Exhibit B establishes that:

"Claims 1 to 6 are rejected as unpatentable over the British patent to Haddan in view of Kahn under 35 U.S.C. 103. It would amount to an obvious variation to provide the British patent to Haddan with an aperture for hanging. Moreover, Kahn shows it to be old to employ such an aperture."

Thereafter, counsel for plaintiff conferred with the Patent Office Examiner and filed a very minor "amendment" to the application which consisted of certain relatively trivial changes in Claims 1 and 5 and the elimination of Claim 6. This "amendment" was accompanied by a six-page brief captioned "Remarks," which despite its semantic dexterity did not add any invention to the Tichnor application, but, nevertheless, it did succeed in persuading the Examiner to reverse his position. This he did without shedding any light on what invention was contained in the amended patent application over and above the lack of invention he found in the original application!

## II. *Re Plaintiff's Motion for Summary Judgment*

Plaintiff's motion for summary judgment seeking the dismissal of defendant's counterclaim and adjudication that the '304 patent is valid and infringed is supported by:

Exhibit 1.  A sample of defendant's accused device sold under the trademark "SIXPIX."

Exhibit 2.  A sample of plaintiff's multipicture postcard device made under the '304 patent and sold under the trademark "SCENI-CARD."

Exhibit 3.  A group of affidavits from customers of plaintiff.

Exhibit 4.  Affidavit of Harry Tichnor.

Exhibit 5.  Affidavit of Lawrence Tichnor, the original patentee of the '304 patent.

Exhibit 6.  Request for Admission addressed by plaintiff to defendant.

Defendant's counterclaim seeks an adjudication (a) that the '304 patent is invalid; (b) that the '304 patent is not infringed by defendant, and (c) an injunction against plaintiff's asserting the '304 patent against defendant or any customers of defendant.

In light of the ruling on defendant's motion for summary judgment it follows that so much of plaintiff's motion for summary judgment against the counterclaim as seeks a ruling of validity of the '304 patent is denied. So much of plaintiff's motion as resists an order enjoining plaintiff from asserting validity of the '304 patent against defendant or its customers is denied. However, in view of the nature of the products manufactured and sold by the parties, expert testimony is no more necessary to make a determination of infringement than to make a determination of invalidity for lack of invention. George P. Converse & Co. v. Polaroid Corp., supra. On the basis of the exhibits before the Court on these cross-motions, particularly plaintiff's Exhibits 1 and 2, samples of the competing products of the parties, I rule that were the '304 patents valid then it would be infringed by defendant's "SIXPIX." Because the patent is invalid, defendant's motion for summary judgment is allowed, the complaint is dismissed, and a decree granting defendant the injunctive relief requested will be entered.

Judgment accordingly.