**AMERICAN TUBE AND CONTROLS, INC., Plaintiff, Appellant,**

v.

**GENERAL FITTINGS COMPANY, Defendant, Appellee.**

**No. 7188.**

United States Court of Appeals
First Circuit.

March 10, 1969.

Mark N. Donohue, New York City, with whom Dana M. Raymond, New York City, Alfred Stapleton, Joachim Weissfeld, Providence, R. I., Brumbaugh, Graves, Donohue & Raymond, New York City, and Graham, Reil, Ewing & Stapleton, Providence, R. I., were on the brief, for appellant.

W. R. Hulbert, Boston, Mass., with whom William W. Rymer, Robert E. Hillman, C. Matthew Burton, Fish, Richardson & Neave, Boston, Mass., and Hinckley, Allen, Salisbury & Parsons, Providence, R. I., were on the brief, for appellee.

Before ALDRICH, Chief Judge, WOODBURY,* Senior Circuit Judge, and COFFIN, Circuit Judge.

WOODBURY, Senior Circuit Judge.

This is an appeal from a summary judgment holding United States Patent No. 3,035,614 issued to C. H. Kirk, Jr., on May 22, 1962, for an Expansion Tank invalid for lack of invention under Title 35 U.S.C. § 103.

An expansion tank sometimes called an accumulator is a device for expelling or controlling a fluid under pressure. The pratically incompressible fluid is forced into a tank, as by a pump, against a pocket of compressible gas, such as air, which as it expands forces the fluid out of the tank in a steady stream. Tanks of this type are commonly used in household water systems fed by artesian wells. In some uses it is desirable to separate the fluid from the gas. This is accomplished in the Kirk patent by two light weight metal half-shells welded together with a shaped flexible diaphragm sealed and attached off-center in the tank by the expedient of impressing the marginal

* Sitting by Designation.

edge of the diaphragm between a retaining ring and a corrugated rib on one of the half-shells.

The Kirk device is intended for use in hot water heating sytems, that is to say, in what the patentee calls the art of "hydronics" which he defines as the "science of heating and cooling by fluids." But like devices have been used in other arts as in pressurized cans for dispensing liquid products such as insecticides, deodorants, paints, lacquers and the like. Indeed United States Patent No. 2,815,152 issued on December 3, 1957, to L. E. Mills [1] for a Dispensing Package and method shows a container for dispensing fluids like the above made of metal, glass, plastic or any other suitable material which is divided by a flexible diaphragm into two non-communicating compartments or chambers. The diaphragm shown in Mills is described as either cup-shaped or bladder-shaped. In the cup-shaped embodiment it extends from wall to wall of the container as in the Kirk patent in suit; in Mills' bladder-shaped embodiment the bag-shaped diaphragm is attached to one end of the can or tank.

The plaintiff-appellant as the owner of the Kirk patent by assignment does not claim patentable novelty in the way the diaphragm is attached to the side walls of the tank by the "ring and rib" construction, so-called. It claims novelty in the use of that construction in pressure tanks for hot water heating systems. It says in its brief that the novelty of its tank "is not in the ring and rib construction as such,—a feature which was old in the tin-working art,—but rather in the structure of the expansion tank as a whole which would be capable of containing the higher pressures required in hot water heating systems and which was susceptible of having the diaphragm secured therein by the ring and rib construction which had never before been employed under such conditions and which could not have been employed in any of the earlier forms of hot water heating expansion tanks that had been contemplated by others working in the field of hydronics." In short, the plaintiff concedes that the "ring and rib" construction was old, as in the patent to Mills and also in a patent to C. W. Hobson, No. 2,728,494, issued December 27, 1955, but it contends that Kirk was the first to adapt that construction to the demands of a hot water heating system and it says that by so doing he provided a novel, light-weight, efficient, inexpensive tank good for years of trouble-free operation, which filled a long-felt want and enjoyed substantial commercial success.

This may all be, but the fact remains that what Kirk actually did was to adapt a known device to a new use. And it will not do to say that prior uses of the "ring and rib" construction were in non-analogous arts and therefore taught nothing to those working in the art of "hydronics." It is true that neither Mills' nor Hobson's uses of the "ring and rib" construction were primarily intended for hot water heating systems. Mills' primary concern was with the aerosol "bomb" type of dispensing package for fluids, and Hobson's with a comparable package for pasty and similar viscous substances such as cosmetic, toilet and pharmaceutical preparations. But the fact remains that all those devices fall within the general art of pressure tanks or accumulators and in the sub-art of sectional accumulators, that is to say accumulators having a diaphragm for the purpose of separating the liquid side of the device from the gas side, transmitting pressure freely but preventing commingling of the gas with the liquid.

The most that can be said for Kirk is that he put a known device to a new use in hot water heating systems. Whatever utility and commercial success his device may enjoy cannot save his patent.

▆▆▆ And this is an appropriate case for disposition by a summary judgment on the authority of Brisk Waterproofing Co., Inc. v. A. Belanger & Sons, Inc., 209 F.2d 169, 173 (C.A. 1, 1954),

---

1. For some unexplained reason this patent was not cited in the Patent Office.

and George P. Converse & Co., Inc. v. Polaroid Corp., 242 F.2d 116, 120 (C.A. 1, 1957). The patent in suit and the prior art are readily understandable by the lay mind without any more expert aid than that afforded by the depositions and affidavits of record. Colourpicture Publishers, Inc. v. Mike Roberts Color Productions, Inc., 394 F.2d 431 (C.A. 1, 1968), cert. denied 393 U.S. 848, 89 S.Ct. 134, 21 L.Ed.2d 118, does not rule the case at bar for the issue of patentability here depends entirely upon scrutiny of the patent itself and the prior art patents, specifically the patents of Mills and Hobson.

Affirmed.